■ WALTER STASKOSKI, as Administrator of the Estate of RACHEL STASKOSKI, Deceased, et al., Appellants, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.—In an action for a judgment declaring that the plaintiffs' judgment in an underlying negligence action would be enforceable as against the underinsured provisions of an automobile insurance policy issued by the respondent, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated June 3, 1987, which, in effect, dismissed the action on procedural grounds.

Ordered that the order is reversed, with costs, the defendant's time to serve an answer to the complaint is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits.

On May 31, 1985, the decedent Rachel Staskoski, 14 years of age, was struck and killed by an automobile owned by John

Lynch and operated by Mary Lynch. The decedent's nine-year-old brother Robert witnessed this occurrence. The plaintiffs initiated a negligence action against John and Mary Lynch to recover damages for the wrongful death of Rachel and the emotional trauma sustained by Robert. The Lynch vehicle had minimum insurance coverage. It is undisputed that the plaintiffs' intestate and her brother were covered by an insurance policy providing for "underinsured motorist coverage". The defendant claims that pursuant to the terms of its policy, the plaintiffs cannot proceed to judgment against the Lynches and then avail themselves of the underinsured motorists benefits unless the defendant consents to the prosecution of the underlying lawsuit. The defendant has refused to so consent. On the other hand, the plaintiffs contend that the defendant unreasonably and impermissibly interfered with the prosecution of the underlying negligence action and that the requirement in the policy of written consent by the defendant was unlawful.

Prior to the trial of the underlying negligence action, in open court, the parties herein stipulated to permit the plaintiffs to bring a declaratory judgment action against the defendant so as to resolve this dispute, as follows:

"MR. O'DONNELL [counsel for the plaintiffs]: In colloquy off the record, it was agreed that the plaintiff would bring a declaratory judgment proceeding against Geico, and I presume, counsel, you'd accept service?

"MR. FRANKEL [counsel for GEICO]: Sure."

Thereafter, pursuant to the stipulation, the plaintiffs commenced this action for a declaratory judgment by serving an order to show cause, together with a summons and complaint, upon the law firm representing the defendant. The Supreme Court, Kings County, dismissed this action for procedural reasons, namely, on the ground that the "plaintiffs have incorrectly proceeded by Order to Show Cause prior to service of the summons and complaint". We disagree with that determination and reverse.

Although service of an order to show cause is not the proper method for commencing an action for a declaratory judgment, in this case an accompanying summons and complaint were also served upon the attorneys representing the defendant, who agreed by stipulation to the commencement of a declaratory judgment action against the defendant. Since this declaratory judgment action was validly commenced, it is incumbent upon the Supreme Court to make the required declaration involving an interpretation of the insurance policy. We note

that disputes over the terms of an insurance policy are particularly suitable for a declaratory judgment action (see, Siegel, NY Prac § 437, at 580, 581), especially when the dispute depends on matters outside the bounds of the underlying negligence action (see, Nationwide Mut. Ins. Co. v Dennis, 14 AD2d 188, lv denied 10 NY2d 708).

Accordingly, the plaintiffs have presented a proper case for a declaration of their rights. We remit this matter to the Supreme Court, Kings County, for a determination of the issues on the merits. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.