■ LEONARD SALMANSON, Respondent, v TUCKER ANTHONY INCORPORATED, Appellant. [628 NYS2d 159] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Robbins, J.), entered September 10, 1993, as denied its motion to dismiss the first cause of action and to compel arbitration of the remaining causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Leonard Salmanson, commenced this action to recover damages for breach of contract against the defendant based upon the defendant's alleged breach of a "Joint Defense Agreement". The parties entered into the agreement for the purpose of defending themselves in an arbitration proceeding brought against them both by a former customer of the defendant. The defendant is a brokerage and securities firm and is a member of both the New York Stock Exchange (hereinafter NYSE) and the National Association of Security Dealers (hereinafter NASD). The plaintiff, a former employee of the defendant, and a registered representative of both NYSE and NASD, was the account executive for the customer's account. The customer claimed that the defendant and the plaintiff permitted the unauthorized withdrawal of checks from the customer's account with the defendant. The Joint Defense Agreement between the defendant and plaintiff provided, among other things, as follows: (1) in the event that the claim against them must be reported to the NASD, the defendant would review the proposed language of the official report with the plaintiff prior to filing it, (2) the defendant would make available to the plaintiff the documents in its possession relating to the claim

against them, and (3) the defendant would provide the plaintiff with adequate legal defense of the claim against him.

The arbitration of the customer's claim resulted in the plaintiff having to pay $30,000 and the defendant having to pay $20,000 to the customer.

In the instant action, the plaintiff alleges that the defendant breached the Joint Defense Agreement, *inter alia,* by not providing the plaintiff with the official report before submitting it to NASD, resulting in damages to the plaintiff.

The defendant seeks, *inter alia,* to compel arbitration of the plaintiff's claims against it, contending that the plaintiff had agreed via certain documents to arbitrate controversies arising between him and the defendant.

It is well established that arbitration will be compelled only where there exists a clear, unequivocal written agreement to arbitrate. Absent evidence of an express intention to arbitrate, no such obligation will be found *(see, McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 168). Furthermore, it is well settled that stock exchange rules, bylaws, and constitutions constitute written agreements to arbitrate controversies which arise out of a broker's employment or the termination of his or her employment *(see, Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291, 300; *McLaughlin, Piven, Vogel v Nolan & Co., supra).* Specifically, the NYSE Constitution, and NYSE Rules 347 and 600 constitute agreements to arbitrate such a controversy *(see, McLaughlin, Piven, Vogel v Nolan & Co., supra,* at 170).

Although the parties in the instant case did agree to arbitrate certain disputes under the NYSE Constitution and its rules, the claims in the instant action do not come within the scope of their agreement to arbitrate.

It is well settled that for a dispute to be within the scope of an arbitration agreement the dispute must involve a "significant aspect" of the employment of the employee or of the employer's business activity in the securities arena *(see, Singer v Jefferies & Co.,* 78 NY2d 76, 83; *Fleck v E. F. Hutton Group,* 891 F2d 1047, 1052-1053).

Contrary to the defendant's contention, the claims herein arise from a separate distinct agreement, the Joint Defense Agreement, which concerns issues with regard to the defendant's proper defense of itself and the plaintiff in the arbitration proceeding and does not concern significant aspects of the plaintiff's employment or the business of the defendant *(see, Singer v Jefferies & Co., supra,* at 83; *Fleck v E. F. Hutton Group, supra,* at 1052-1053).

We find the defendant's remaining contentions to be without merit. Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.