■ In the Matter of LEONARD SALMANSON, Respondent, v TUCKER ANTHONY INCORPORATED, Appellant. [628 NYS2d 161] —In

a proceeding pursuant to CPLR 7503 (b) to stay the arbitration of a controversy between the parties, Tucker Anthony Incorporated appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered September 10, 1993, which granted the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner is a former registered securities representative and vice-president of the appellant. After a former client of the petitioner and the appellant received an arbitration award against the petitioner and the appellant, the petitioner brought an action against the appellant, *inter alia,* to recover damages for the alleged breach of a "Joint Defense Agreement" between the petitioner and the appellant. The appellant sought to compel the petitioner to arbitrate the controversy between them, and the petitioner brought the instant proceeding to stay the arbitration.

There are no material differences between the facts and issues raised herein, in which the Supreme Court granted the petition to stay the arbitration and the facts and issues in the companion appeal, in which the Supreme Court, *inter alia,* denied the appellant's motion to compel arbitration of the causes of action raised in the petitioner's complaint in that case. Therefore, we find that the stay of the arbitration is proper since there exists no duty between these parties to arbitrate the issues raised in the complaint *(see, Salmanson v Tucker Anthony, Inc.,* 216 AD2d 283 [decided herewith]). Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.