■ HOME INSURANCE COMPANY et al., Appellants-Respondents, v TOKYO MARINE AND FIRE COMPANY et al., Respondents-Appellants, et al., Defendant. [634 NYS2d 500] —In an action for a judgment declaring, *inter alia,* that Tokyo Marine and Fire Company is obligated to defend and indemnify Savin Corp. in an underlying negligence action, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated August 11, 1994, as granted the branch of the motion of the defendants Tokyo Marine and Fire Company, Ricoh Company Limited, and Ricoh Corporation, which was to direct the parties to proceed to arbitration and stayed the action, and the defendants Tokyo Marine and Fire Company, Ricoh Company Limited, and Ricoh Corporation cross-appeal from so much of the same order as denied the branches of their motion which were to dismiss the complaint and direct the plaintiff Savin Corp. to indemnify the defendant Ricoh Company Limited.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, and the branch of the motion which was to direct the parties to proceed to arbitration is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

In October 1991 a personal injury action was commenced against the plaintiff Savin Corp. (hereinafter Savin) by an indi-

vidual who was allegedly injured while delivering a photocopier sold and distributed by Savin. Savin thereafter commenced a third-party action against the defendant Ricoh Corporation, the manufacturer of the photocopier, for indemnification. In 1987, Savin and Ricoh Corporation's subsidiary, the defendant Ricoh Company Limited (hereinafter Ricoh Limited), had entered into a distribution agreement (hereinafter the agreement) that contained an arbitration clause whereby they agreed to submit their disputes under the agreement to arbitration. The Agreement also contained an indemnification provision whereby Savin agreed to indemnify Ricoh Corporation and Ricoh Limited under certain warranty related circumstances.

In 1993 the plaintiffs Home Insurance Company (hereinafter Home), Savin's insurance carrier, and Savin (hereinafter collectively the appellants) commenced this action against, among others, the defendants Tokyo Marine and Fire Company (hereinafter Tokyo), Ricoh's insurance carrier, Ricoh Corporation, and Ricoh Limited (hereinafter collectively the cross appellants) for a judgment declaring that pursuant to an insurance policy issued by Tokyo to Ricoh Limited, in which Savin was named as an "additional insured", Tokyo was obligated to defend and indemnify Savin in the personal injury action. The cross appellants moved to dismiss the complaint on the grounds, *inter alia,* that this dispute must be resolved by arbitration under the terms of the agreement and for an order directing Savin to indemnify Ricoh Limited pursuant to the indemnification clause also contained in the agreement. The Supreme Court granted the motion to the extent that it directed the parties to proceed to arbitration, but otherwise stayed the action.

On appeal, the appellants contend, and we agree, that the court improperly directed the parties to proceed to arbitration. The subject insurance policy issued by Tokyo, the basis for this action, was separate and distinct from the indemnification clause contained in the agreement between Savin and Ricoh Limited *(see, Kinney v Lisk,* 76 NY2d 215), and, thus, not encompassed by the arbitration clause in the agreement *(see, Matter of Waldron [Goddess],* 61 NY2d 181; *Salmanson v Tucker Anthony Inc.,* 216 AD2d 283). Accordingly, the declaratory judgment action should proceed *(see, Staskoski v Government Empls. Ins. Co.,* 138 AD2d 587).

We have examined the cross appellants' contentions and find them to be without merit. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.