■ OLYMPIC TOWER CONDOMINIUM, by its Board of Managers, Respondent, v ALEX COCOZIELLO et al., Defendants, and FOWNES BROTHER & Co., INC., et al., Appellants. [761 NYS2d 179] —Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 3, 2002, which granted plaintiff's motion for a preliminary injunction enjoining defendants from housing dogs in their apartment, and denied defendants' cross motion to dismiss the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the injunction denied, and the matter remanded for further proceedings.

Plaintiff-respondent is the Board of Managers of a condominium complex, and defendants-appellants are lessees of an apartment in the building. In this action, plaintiffs seek a declaration invalidating a second extension of appellants' lease, and a judgment of ejectment dispossessing the appellants because they keep dogs in their apartment. At issue are the procedural requirements precedent to a lease renewal, and the

alleged impairment of the quality of life in the building due to the presence of defendants' three dogs.

The instant appeal concerns the limited issue of the propriety of the IAS court's determination to grant plaintiff a preliminary injunction enjoining defendants from housing dogs in their apartment. We find that in the circumstances, the determination to grant provisional relief was an abuse of discretion because it essentially determined the rights of the parties in the underlying action.

A party seeking a preliminary injunction pursuant to CPLR article 63 must establish, (1) a likelihood of success on the merits of the underlying claim; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of the equities tipping in its favor (*Doe v Axelrod*, 73 NY2d 748, 750 [1988]). The function of a preliminary injunction "is not to determine the ultimate rights of the parties, but to maintain the status quo until there can be a full hearing on the merits" (*Residential Bd. of Mgrs. of Columbia Condominium v Alden*, 178 AD2d 121, 122 [1991]). Here, plaintiffs invoked the court's equitable jurisdiction to order that the dogs be removed from the building, corrective action which, in this case, "obviate[s] the necessity for plaintiff to prosecute this action to completion" (*id.*). Further, the disputed allegations are limited to claims that the dogs may have soiled the common hallway, and may have been unleashed in the building. There is no indication that the dogs posed a physical danger to any of the residents. Thus, there is no evidence that the condominium will be irreparably harmed by allowing the tenants' dogs to remain in their apartment pending the resolution of the action. Concur—Tom, J.P., Mazzarelli, Andrias, Rosenberger and Williams, JJ.