**542 Holding Corp., Respondent, v Prince Fashions, Inc., et al., Appellants, et al., Defendants. Prince Fashions, Inc., Appellant, v 542 Holding Corp., Respondent.** [871 NYS2d 23]—

The co-op demonstrated its entitlement to a preliminary injunction to preserve the property pending disposition of the ejectment action (*see Olympic Tower Condominium v Cocoziello*, 306 AD2d 159 [2003]). Contrary to Prince's contention, there was ample evidence that it was using the unventilated basement space for spray-painting furniture, that fumes therefrom permeated the building, causing discomfort to the residents, and that the use of the basement for that purpose was not permitted under the building's certificate of occupancy. There was also evidence that the use of spray-painting materials could be hazardous. Prince did not claim that it would be harmed if it were enjoined from using the basement for such purposes.

The court's finding that the so-ordered stipulation concerning the co-op's access to the leased premises was so ambiguous that it had to be read carefully "about 150 times" to be understood would have precluded a finding that Prince's insistence on 24 hours' advance notice except in case of emergency constituted willful defiance of the order. However, the court's interpretation of the so-ordered stipulation to mean that 24 hours' notice was not required when access was sought during business hours was reasonable and its directive to Prince to comply with the order as so clarified, and to maintain a key on the premises, was proper.

The co-op failed to demonstrate extraordinary circumstances

warranting the grant of a mandatory injunction requiring Prince to remove its nonstructural alterations and restore the premises to their previous condition (*see St. Paul Fire & Mar. Ins. Co. v York Claims Serv.*, 308 AD2d 347, 349 [2003]). Prince showed that its lease allowed it to make nonstructural alterations necessary for its use of the premises (*see Harar Realty Corp. v Michlin & Hill*, 86 AD2d 182, 185-187 [1982], *lv dismissed* 57 NY2d 607 [1982]). The testimony of the co-op's expert, who had not inspected the premises and speculated as to a possible violation of applicable codes created by the partitions, did not support a finding that the partitions posed a risk of irreparable injury. Nor did the record support the award of expenses for the repair of damaged property, which were not sought in the pleadings or motions.

The award of costs and attorney's fees to the co-op was improper (*see Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]). While the court stated that the award was for the co-op's "having to spend . . . a year[ ] to get to this point," it made no finding that Prince had engaged in frivolous conduct (*see* 22 NYCRR 130-1.1). Concur—Lippman, P.J., Gonzalez, Nardelli, Buckley and Acosta, JJ. [*See* 2007 NY Slip Op 31594(U).]