■ NIKIYAH S. BLACKMAN, Respondent, v HIT FACTORY et al., Appellants, et al., Defendant. [943 NYS2d 485]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 19, 2010, which, insofar as appealed from, granted defendants' cross motion for enforcement of a settlement agreement to the extent of authorizing them to serve

plaintiff with certain settlement documents with a request that they be executed, and denied their request for attorneys' fees, unanimously affirmed, without costs.

At the evidentiary hearing ordered by the motion court, plaintiff did not establish that she lacked the capacity to enter into the stipulation of settlement that she initialed on October 13, 2004. Even assuming that she lacked capacity to enter into the stipulation, under the facts presented here, she would still be bound by its terms, given that the document was signed, in her presence, by her counsel, who had apparent authority to enter into the agreement (*see Hallock v State of New York*, 64 NY2d 224, 230-232 [1984]). Nor is there any evidence, other than her own testimony, which the motion court implicitly discounted, that plaintiff made any contemporaneous objection to the stipulation, or engaged in any behavior manifesting a lack of capacity (*see id.* at 231; *Privin v Landolfi*, 191 AD2d 485 [1993]).

We perceive no basis for disturbing the equitable remedy which the motion court fashioned here in its discretion (*see Matter of Gerges v Koch*, 62 NY2d 84, 94-95 [1984]; *Town of Caroga v Herms*, 62 AD3d 1121, 1125 [2009], *lv denied* 13 NY3d 708 [2009]). Nor do we find any abuse of discretion in the motion court's determination that no award of attorneys' fees is warranted at this time (*see 542 Holding Corp. v Prince Fashions, Inc.*, 57 AD3d 414, 416 [2008]). Concur—Tom, J.P., Andrias, DeGrasse, Richter and Román, JJ.