■ RICHARD KALLOP et al., Respondents, v BOARD OF DIRECTORS FOR EDGEWATER PARK OWNERS' COOPERATIVE INC. et al., Appellants, et al., Defendant. [64 NYS3d 219]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about January 12, 2017, which, after a hearing, granted plaintiffs' order to show cause, and compelled defendants to permit the sale of a cooperative apartment to plaintiffs, unanimously affirmed, without costs.

Plaintiffs' application to purchase a unit in defendants' cooperative residential complex was approved by defendant Board of Directors, and then rescinded two weeks later, based upon a Board member's erroneous report that plaintiff Richard Kallop told her he did not intend to reside in the complex, as required by the purchase contract. Plaintiffs filed a complaint seeking, inter alia, to compel defendants to permit the sale to go forward. After defendants filed their answer, plaintiffs, by order to show cause, sought an order permitting the sale to close. An evidentiary hearing was held, at which the reporting Board member's testimony revealed that Richard Kallop had not, as she claimed, informed her he intended to reside outside the cooperative complex. For his part, Richard testified that it had always been his plan to reside in the cooperative unit with his elderly mother, co-plaintiff Joan Kallop.

Under these facts, we conclude that defendants' decision to rescind its approval of plaintiffs' purchase application, being without any basis in reason and without regard to the facts, was wholly arbitrary, and thus not entitled to the protections generally provided to cooperative boards by the business judgment rule (*Fletcher v Dakota, Inc.*, 99 AD3d 43, 48 [1st Dept 2012]).

Having reviewed the record, we conclude that, in these unique circumstances, Supreme Court properly afforded relief sought in the complaint. Supreme Court conducted a full evidentiary hearing which revealed the absence of any disputed material facts, and which established that in the absence of relief, it was highly likely that plaintiffs would suffer irreparable harm (*cf. Olympic Tower Condominium v Cocoziello*, 306 AD2d 159, 160 [1st Dept 2003]). Having been approved by the Board to purchase the co-op unit, plaintiffs gave notice of an

intention to vacate their rented home, which then went into contract with a third party. Having nowhere to go when the Board rescinded its approval, plaintiffs failed to vacate, and a holdover proceeding was commenced against them, the outcome of which was unclear at the time of the hearing. Moreover, plaintiff Joan Kallop is in poor health, and the uncertainty of her living situation had led to further illness, including severe depression.

We have considered defendants' remaining arguments, and find them unavailing. Concur—Acosta, P.J., Tom, Webber, Gesmer and Singh, JJ.