■ CAPITAL MERCURY SHIRT CORPORATION, Respondent, v ARKWRIGHT MUTUAL INSURANCE COMPANY, Defendant, and JLS GROUP, INC., Appellant. [600 NYS2d 34] —Order of the Supreme Court, New York County (Beverly Cohen, J.), entered April 2, 1992, which denied the motion of JLS Group, Inc., for summary judgment is unanimously reversed, on the law, and summary judgment is granted to JLS Group, Inc., with costs and disbursements payable by plaintiff.

On November 1, 1987, the plaintiff, Capital Mercury Shirt Corporation ("Capital"), contracted with defendant, JLS Group, Inc. ("JLS"), to obtain insurance for its properties. The insurance contract included a provision that provided coverage for damage to plaintiff's property located off its premises ("unnamed location"). The defendant, Arkwright Mutual Insurance Company ("Arkwright"), was the insurer. Over the period of the relationship, when the value of property at an "unnamed location" approached $1,000,000, Capital notified JLS to inform the insurer to increase the insurance for that location or to have the location become a "named and fully insured" location.

On June 13, 1990, JLS wrote to plaintiff with respect to an insurance update which included an "agenda memo" which asked, *inter alia*, "Since our last review, is there any property at new locations which are not owned or operated? If so, are the values in excess of the unnamed location limit of $1,000,000?"

There was no response to the June 13th letter. Further, subsequent phone calls made on June 22, June 28 and July 27, 1990 resulted in no further information from Capital. Thereafter, Mr. Frankl of Capital expressly declined to schedule a meeting to review Capital's insurance coverage claiming that "the agenda * * * is secondary to other things which must be done".

On August 8, 1990, a fire occurred at an "unnamed loca-

tion," at the plant of a contractor in Esto, Florida. The damages amounted to $1,326,810.09. Because it was an unnamed location, according to the insurance contract, Arkwright was obligated to pay no more than $1,000,000, which it forwarded to Capital.

The present motion for summary judgment was denied by the IAS Court, which found that there was a triable issue of fact as to whether JLS exercised due care in obtaining appropriate commercial coverage for the plaintiff.

However, there was no basis for finding that Capital properly demonstrated any wrongdoing by JLS. The evidence proffered by plaintiff was solely conclusory in nature and did not constitute evidence in admissible form sufficient to rebut JLS's motion.

Capital's opposition to the summary judgment motion does not controvert, or even address, the fact that Capital was well conversant with the availability of the alternative coverages it accuses JLS of failing to recommend. Indeed, over the course of its relationship with JLS, whenever Capital determined that the value of its property at particular unnamed locations approached $1 million, it expressly instructed JLS to either increase its insurance for that location, or arrange for that location to become a "named and fully insured" location.

Capital, not JLS, possessed the records on which decisions concerning insurance coverage could be made. Nowhere in the record is it alleged that JLS knew, or could have known, the existing inventory levels at Capital's various named and unnamed locations, the value of those inventories and the length of time an inventory would remain on each of the premises. Accordingly, JLS could not even make an informed recommendation concerning Capital's coverage.

Moreover, Capital does not dispute the fact that for eight months prior to the loss at issue, JLS tried repeatedly to get Capital to forward information on its insurance needs, including the specific subject of the unnamed locations, to no avail.

Finally, plaintiff can cite no rule of law that JLS was under a legal duty to advise Capital to obtain additional coverage, and, indeed, the law is to the contrary (see, Erwig v Cook Agency, 173 AD2d 439; Blonsky v Allstate Ins. Co., 128 Misc 2d 981, 983-984; see also, DiLorenzo v Holle Ins. Agency, 735 F Supp 571, 574).

Since there was no showing by plaintiff that there existed genuine, triable issues of fact, instead of its unsubstantiated allegations, the IAS Court improperly denied defendant's mo-

tion for summary judgment *(Zuckerman v City of New York,* 49 NY2d 557, 562).* Concur—Rosenberger, J. P., Ellerin, Asch and Rubin, JJ.