■ HILLCREST REALTY Co., Respondent, v WILLIAM GOTTLIEB et al., Appellants. [618 NYS2d 394] —In an action, *inter alia,* to recover rent due under a lease and assignment thereof, the defendants appeal from (1) so much of an order of the Su-

preme Court, Kings County (Hurowitz, J.), dated January 20, 1993, as denied the branch of their motion which was to dismiss the first, second, third, and fourth causes of action in the complaint, (2) an order of the same court dated April 30, 1993, which granted the plaintiff's motion to compel certain discovery, and (3) an order of the same court, dated May 5, 1993, which denied their cross motion for leave, in effect, to reargue the motion to dismiss.

Ordered that the appeal from the order dated April 30, 1993, is dismissed, without costs or disbursements, for failure to perfect the appeal in accordance with the rules of this Court (see, 22 NYCRR 670.8 [a], [e]); and it is further,

Ordered that the appeal from the order dated May 5, 1993, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 20, 1993, is modified, on the law, by deleting the provision thereof which denied that branch of the defendant's motion which was to dismiss the complaint insofar as it sought to recover damages in excess of $16,000 against the defendant William Gottlieb, and substituting therefor a provision granting that portion of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In March 1979 the plaintiff, Hillcrest Realty Co. (hereinafter Hillcrest) leased commercial premises to the appellant William Gottlieb (hereinafter the tenant) for 15 years. Under the terms of the lease the tenant was specifically granted permission to assign the lease "to a * * * corporation of which he shall be an officer, director and principal stockholder". Upon such assignment the lease provided that the tenant was to be released from any further liability under the lease except that, in the event of nonpayment of rent, the tenant would continue to be liable to Hillcrest up to the extent of $16,000. In July 1979 the tenant, exercising his rights under the lease, assigned the lease to 75 Christopher Street Corporation (hereinafter the corporation), an entity in which he was the principal shareholder, director, and president.

In or about June of 1991 the corporation ceased paying rent for the leased premises. Thereafter, Hillcrest commenced a summary proceeding against the corporation and obtained a judgment for unpaid rent in the sum of $41,433.32. This judgment proved to be uncollectable and Hillcrest subsequently commenced the instant action in Supreme Court against the tenant, the corporation, William Gottlieb Real

Estate Co., and Village Ping Pong, Inc., a subtenant of the corporation. Hillcrest maintained that the tenant's assignment to the corporation was a "colorable" assignment to himself and that Hillcrest should be able to "pierce the corporate veil" of the corporation and reach the tenant in his individual capacity. The Supreme Court denied the defendants' motion to dismiss the complaint, and they appeal.

It is clear that Hillcrest knowingly entered into a lease which specifically permitted the very assignment which the tenant subsequently exercised in order to limit his personal liability under the lease. Accordingly, Hillcrest cannot now assert that the lease anticipated the unlimited individual liability of the tenant in the event of such an assignment. Nor can Hillcrest avoid the terms of its bargain by seeking to pierce the corporate veil of the assignee. Under such circumstances as those presented by the case at bar "[the lessor] obtained precisely what it bargained for, and it did not bargain for or contemplate the individual liability of the [lessee] which it now seeks to enforce. To pierce the corporate veil here would not * * * accomplish justice or equity but would in fact thwart that end * * * The creation of the dummy corporation under these circumstances to [limit] personal responsibility should be respected" *(Brunswick Corp. v Waxman,* 599 F2d 34, 36; *see also, West Side Fed. Sav. & Loan Assn. v Hirschfeld,* 101 AD2d 380).

However, since the lease also stated that, in the event of assignment, the tenant would continue to be personally liable for up to $16,000, the tenant is only entitled to dismissal of those causes of action to the extent that they seek to recover damages for the corporation's nonpayment of rent in excess of that amount. Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.