■ Andrew Spinnell, Appellant, v Toshiba America Consumer Products, Inc., Respondent. [657 NYS2d 635] —Order

of the Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about September 12, 1996, which denied plaintiff's motion for reargument of an order sanctioning him in the amount of $500 and granted defendant's cross motion for sanctions in the amount of $5,000 payable to the client security fund, is unanimously modified, on the law and the facts, to vacate the order insofar as it imposes a $5,000 sanction, and otherwise affirmed, without costs or disbursements.

Plaintiff is an attorney representing himself in connection with a claimed hearing loss allegedly caused by a malfunctioning radio with earphones manufactured and distributed by defendant. The IAS Court denied a motion by plaintiff to compel defendant to respond to a second set of interrogatories in an order dated February 16, 1996. This order also awarded sanctions of $500 against plaintiff and has not been appealed from. Thereafter, plaintiff moved to reargue. The IAS Court denied reargument but granted defendant's cross motion and imposed a $5,000 sanction against plaintiff.

Initially, we note that denial of a motion to reargue is nonappealable (*Cross v Cross*, 112 AD2d 62, 64). However, the grant of the cross motion and the imposition of the $5,000 sanction against plaintiff was erroneous since the Supreme Court failed to follow the proper procedure for imposing sanctions. "The court may make an award of costs or impose sanctions or both only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2; *Gossett v Firestar Affiliates*, 224 AD2d 487).

While the IAS Court set forth the conduct upon which the imposition was based and the reasons it found the conduct to be frivolous, it *did not* set forth the reasons why it found the amount of $5,000 to be an appropriate sanction for the specified conduct and we, therefore, reverse as to that portion of the order granting the cross motion for sanctions. Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.