■ APOLLON WATERPROOFING & RESTORATION CORP., INC., Appellant, v EDMUND BERGASSI et al., Respondents, et al., Defendant. [661 NYS2d 957] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about September 24, 1996, which granted defendant Edmund Bergassi's motion for summary judgment dismissing the complaint as against him, granted defendant Edmund Bergassi Agency's motion for summary judgment to the extent of dismissing plaintiff's causes of action against it for unjust enrichment and tortious interference with business relations, and granted defendant Scovotti & Company's motion for summary judgment dismissing the complaint against it with respect to all bonds purchased prior to September 10, 1986, unanimously affirmed, with costs.

The motion court properly concluded that, in opposition to Mr. Bergassi's prima facie showing that corporate formalities had been observed, plaintiff failed to submit any documentation or other evidence sufficient to raise a triable issue with respect to whether the corporate veil should be pierced. The deposition testimony of plaintiff's president showed nothing other than that he had dealt with Mr. Bergassi, and not that the latter so dominated or controlled the agency that it should be

deemed his alter ego. Nor did plaintiff demonstrate that Mr. Bergassi used the corporate form as an instrument of fraud (*see, Matter of Glenn [Redford]*, 233 AD2d 248), or that Mr. Bergassi purported to bind himself individually by ratifying the corporate action (*see, Westminster Constr. Co. v Sherman*, 160 AD2d 867, 868).

The claims for unjust enrichment were properly dismissed since, in opposition to the Bergassi defendants' documentary showing that they had returned the subject funds to the underwriter of the performance and payment bonds, and therefore did not retain any benefit unjustly, plaintiff failed to document its bare assertion to the contrary and thereby failed to raise an issue of fact.

There is no allegation or showing that the Bergassi defendants procured any invalid bonds with the intention of interfering with plaintiff's contractual or prospective business relations (*see, NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621). Moreover, with respect to all of plaintiff's contractual and tort claims for lost profits, the undocumented claims are too speculative to warrant recovery (*see, Ashland Mgt. v Janien*, 82 NY2d 395, 403).

The claims against defendant Scovotti & Company with respect to bonds issued more than six years prior to commencement of the action were properly dismissed, inasmuch as such contract claims accrued when the bonds were issued. The doctrine of continuous treatment is inapplicable in this context (*see, National Life Ins. Co. v Hall & Co.*, 67 NY2d 1021), and the broker was under no continuing duty to advise plaintiff of its needs (*see, Capital Mercury Shirt Corp. v Arkwright Mut. Ins. Co.*, 195 AD2d 320, 321). Nor does a discovery accrual apply here.

We have considered the parties' other arguments for affirmative relief, including those of Scovotti & Company, and find that they do not warrant a different result. Concur—Milonas, J. P., Rosenberger, Williams and Andrias, JJ.