■ ILAN WEISS, Doing Business as 3-17 RALPH AVENUE REALTY, Appellant, v MARJAM OF LONG ISLAND, INC., et al., Respondents. [705 NYS2d 76] —In an action, *inter alia,* to recover rent due under a lease, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered December 17, 1998, which, after a nonjury trial, and upon the granting of the motion of the defendants Marjam Supply Co., Inc., James Buller, and Mark Buller pursuant to CPLR 4401 for judgment as a matter of law, is in favor of the defendants dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff is the owner of commercial property in Copiague, New York. In 1989, the plaintiff leased a portion of his property to the defendant Marjam of Long Island, Inc. (hereinafter Marjam of Long Island), a subsidiary of Marjam Supply Company, Inc. (hereinafter Marjam Supply), for a five-year term, commencing March 1, 1989. Marjam of Long Island then subleased the property to Marjam Supply, and, until September 1992, Marjam of Long Island collected the rent from Marjam Supply and paid it to the plaintiff. In September 1992 Marjam Supply and Marjam of Long Island vacated the premises, and in August 1993, Marjam of Long Island was dissolved.

The plaintiff commenced this action, *inter alia,* seeking to pierce the corporate veil of Marjam of Long Island and to obtain a declaration that Marjam Supply and the defendants James Buller and Mark Buller are jointly and severally liable for the debts of Marjam of Long Island, alleging that the individual defendants are the sole shareholders of both corporations. Following a nonjury trial, the Supreme Court granted the defendants' motion for judgment as a matter of law, and dismissed the complaint.

The plaintiff failed to establish that Marjam Supply and the individual defendants, in their capacities as the owners of Mar-

jam Supply, exercised complete domination over Marjam of Long Island and that such domination was used to commit a fraud upon the plaintiff (*see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135; *Stockacre Ltd. v PepsiCo, Inc.,* 265 AD2d 398; *Kopec v Hempstead Gardens,* 264 AD2d 714). Accordingly, the Supreme Court properly refused to pierce the corporate veil and granted the defendants' motion for judgment as a matter of law.

The appellant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Luciano and Smith, JJ., concur.