◼ In the Matter of EDMUND J. BERGASSI, Respondent, v AMERICAN SURETY AGENCY, INC., et al., Appellants. [718 NYS2d 611] —In a proceeding pursuant to CPLR article 75 to stay arbitration, American Surety Agency, Inc., and Republic Western Insurance Company appeal from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 29, 1999, which granted the petitioner's motion to renew and reargue a prior order of the same court dated December 1, 1998, denying the petition and dismissing the proceeding and, upon renewal and reargument, directed a hearing to determine whether there was a valid agreement by the parties to arbitrate, and (2) a judgment of the same court, entered July 19, 1999, which, after a hearing, granted the petition and permanently stayed arbitration.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248).

The Supreme Court properly concluded that there was no valid agreement by the parties to arbitrate (*see, Matter of Salmanson v Tucker Anthony Inc.,* 216 AD2d 283; *McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 168).

The appellants failed to establish that the petitioner exercised complete domination over Edmund J. Bergassi Agency, Inc., and that such domination was used to commit a fraud upon them (*see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135; *Weiss v Marjam of Long Is.,* 270 AD2d 455; *Stockacre Ltd. v PepsiCo, Inc.,* 265 AD2d 398; *Apollon Waterproofing & Restoration Corp. v Bergassi,* 241 AD2d 347). Accordingly, the Supreme Court properly refused to pierce the corporate veil and allow arbitration against the petitioner personally. Ritter, J. P., Goldstein, H. Miller and Smith, JJ., concur.