■ ESTATE OF WILLIAM GOTTLIEB, Deceased, Respondent, v KENT KARLSSON, ESQ., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [744 NYS2d 118] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 28, 2001, which, to the extent appealed from, granted plaintiff's cross motion for summary judgment on its cause of action for legal malpractice to the extent of finding liability as against defendants-appellants, unanimously affirmed, without costs.

The motion court properly found that plaintiff had made out a prima facie case of legal malpractice on the part of appellants. The evidence demonstrated that two months after the Appellate Division, Second Department had rendered a determination limiting the decedent's personal liability in the underlying action to $16,000 (*see, Hillcrest Realty Co. v Gottlieb*, 208 AD2d 803), appellants counseled their client without first checking the status of his appeal, to settle the underlying action by paying the plaintiff in the underlying action $120,000. Since appellants did not, in opposition to plaintiff's prima facie adequate demonstration of its entitlement to judgment as a matter of law upon its malpractice claim, come forward with evidence sufficient to raise a triable issue as to whether they had in fact committed malpractice or as to whether such malpractice as they were shown to have committed proximately caused plaintiff to sustain damages, the grant of partial summary judgment in plaintiff's favor on the issue of appellants' liability for legal malpractice was proper (*see, Zuckerman v City of New York*, 49 NY2d 557, 562-563).

We have considered appellants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Gonzalez, JJ.