■ TREELINE MINEOLA, LLC, Respondent, v BARRY E. BERG, Appellant. [801 NYS2d 407]—

In an action to pierce the corporate veil of Bebco Services, Inc., in order to compel the defendant, Barry E. Berg, to satisfy a default judgment entered against Bebco Services, Inc., the defendant appeals from a judgment of the Supreme Court, Nassau County (Shifrin, R.), entered September 1, 2004, which, after a nonjury trial, and upon the denial of his motion to dismiss the complaint for failure to establish a prima facie case, is in favor of the plaintiff and against him in the principal sum of $76,967.24.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant Barry E. Berg was the sole shareholder, officer, and director of Bebco Services, Inc. (hereinafter Bebco), which, on December 23, 1993, entered into a commercial lease with the plaintiff's predecessor-in-interest. Berg signed the lease on behalf of Bebco as president thereof. Pursuant to the lease, Berg personally guaranteed payment of the rent for the first 24 months of the tenancy. Bebco sublet the leased premises to Barry Berg, CPA, P.C.

At some point, the plaintiff apparently purchased the premises which included the leasehold of Bebco and took over as landlord. In 2001 the plaintiff obtained a default judgment against Bebco for unpaid rent due and owing under the lease. Thereafter, the plaintiff commenced the instant action seeking to pierce the corporate veil and enforce the judgment it had obtained against Bebco against Berg personally. After a nonjury trial, the Supreme Court denied Berg's motion to dismiss the complaint for failure to establish a prima facie case and awarded the plaintiff judgment against Berg in the principal amount of the default judgment which had been entered against Bebco. We reverse.

"While the courts are empowered to pierce the corporate veil in appropriate circumstances, in view of the well established fact that a business can be incorporated for the very purpose of enabling its proprietor to escape personal liability, the corporate form is not lightly to be disregarded. Indeed precedent is clear that courts will pierce the corporate veil only to prevent fraud, illegality or to achieve equity (*see e.g., Bowles v Errico*, 163 AD2d 771). This is true even in situations such as this where the corporation is controlled or dominated by a single shareholder" (*New York Assn. for Retarded Children, Inc., Montgomery County Ch. v Keator*, 199 AD2d 921 [1993]).

The plaintiff failed to establish that Berg, through his control and dominion over Bebco, perpetrated a wrong or injustice against the plaintiff such that a court of equity will intervene (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135 [1993]; *Weiss v Marjam of Long Is.*, 270 AD2d 455 [2000]; *Kopec v Hempstead Gardens*, 264 AD2d 714 [1999]; *Palisades Off. Group v Kwilecki*, 233 AD2d 490 [1996]).

Moreover, we agree with Berg that permitting the plaintiff to pierce the corporate veil in this case would be inconsistent with the provision of the lease which limited his personal liability to the first 24 months of the lease term (*see Hillcrest Realty Co. v Gottlieb*, 208 AD2d 803 [1994]). Cozier, J.P., Ritter, Santucci and Luciano, JJ., concur.