■ I & G Lexington L.L.C., Respondent, v Ayers Serota Associates, Inc., et al., Appellants. [836 NYS2d 39]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered April 5, 2006, which, insofar as appealed from, denied the motion of defendants The Ayers Group (TAG) and William L. Ayers to dismiss plaintiff's second, third, fourth and sixth causes of action, unanimously affirmed, with costs.

The motion court correctly held that the complaint, as amplified by plaintiff's opposition papers, states a cause of action against TAG and Ayers for breach of plaintiff's lease with defendant Ayers Serota Associates (ASA), based on the doctrines of

piercing the corporate veil (*see Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp.*, 243 AD2d 595 [1997]), successor liability (*see Schumacher v Richards Shear Co.*, 59 NY2d 239, 245 [1983]), and de facto merger (*see Fitzgerald v Fahnestock & Co.*, 286 AD2d 573 [2001]). The motion court also correctly held that Ayers' "good guy guaranty" of the lease is distinguishable from the lease provision in *Hillcrest Realty Co. v Gottlieb* (208 AD2d 803 [1994]; *see also Treeline Mineola, LLC v Berg*, 21 AD3d 1028 [2005]), in that it is not inconsistent with Ayers' liability on veil-piercing, successor-in-interest and de facto merger theories. However, we disagree with the motion court that lease paragraph 48 (E), which allows plaintiff to collect rent from an occupant of the premises other than ASA without waiving its rights against ASA, provides a basis for holding TAG liable for ASA's alleged breach of lease. Plaintiff does not appear to claim that any rent is due for any period of time that any of defendants occupied the premises. We have considered defendants' other arguments and find them unavailing. Concur—Tom, J.P., Williams, McGuire, Malone and Kavanagh, JJ.