■ STEVE NEWMAN, Respondent, v MORRELL I. BERKOWITZ, Appellant. [857 NYS2d 74]—

Order, Supreme Court, New York County (Debra A. James, J.), entered August 24, 2006, which, to the extent appealed from as limited by the briefs, ordered defendant to pay plaintiff's costs, including attorney's fees, incurred in opposing a motion for reargument, unanimously affirmed, without costs. Order, same court and Justice, entered July 19, 2007, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment in his favor to the extent of granting plaintiff summary judgment as to liability, unanimously reversed, on the law, without costs, plaintiff's motion denied and defendant's motion granted. The Clerk is directed to enter judgment in defendant's favor dismissing the complaint.

This breach of contract action should have been dismissed because defendant, as an individual, was not a party to the contract. Read as a whole, the letter agreement, which was drafted on the letterhead of defendant's professional corporation and included a schedule indicating that legal fees were to be shared between plaintiff and defendant's professional corporation, shows that the intended party was the corporation. The absence of a reference to a corporate office above or below defendant's personal signature does not prove otherwise (see 150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 7 [2004]; PNC Capital Recovery v Mechanical Parking Sys., 283 AD2d

268, 270-271 [2001], *lv dismissed* 96 NY2d 937 [2001], *appeal dismissed* 98 NY2d 763 [2002]).

Conduct is frivolous if "it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c]). The court properly found that defendant's motion for reargument was frivolous, since defendant was unable to articulate a legal ground for it, and followed proper procedure in imposing the sanction against him (*see Spinnell v Toshiba Am. Consumer Prods.*, 239 AD2d 175 [1997]). Concur—Lippman, P.J., Saxe, Gonzalez and Nardelli, JJ.