In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated August 2, 2012, which granted the motion of the defendant William V Salvatore for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is affirmed, with costs.
In November 2006, the plaintiff and the defendant Ocean Associates, Inc. (hereinafter Ocean Associates), entered into a lease with a five-year term, whereby Ocean Associates leased from the plaintiff certain premises located in Oceanside for use as chiropractic offices. The defendant William Y. Salvatore, a chiropractor licensed in the State of New York, executed the lease on behalf of Ocean Associates. In or around February 2011, approximately seven months prior to the expiration of the lease term, Ocean Associates vacated the leased premises. In September 2011, the plaintiff commenced this action against Ocean Associates and Salvatore alleging, in the first cause of action, that Ocean Associates breached the lease and that rent was due and owing from March 2011 through October 2011. The plaintiff also alleged that Salvatore was jointly and sever *947 ally liable for the breach of the lease since Ocean Associates was a sham corporation formed solely for the purpose of leasing the premises, and that Salvatore exercised dominion and control over it. The plaintiff also asserted a second cause of action against another entity, but that cause of action is not before us on this appeal. After joinder of issue, Salvatore moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion.
“One of the primary legitimate purposes of incorporating is to limit or eliminate the personal liability of corporate principals” (Flushing Plaza Assoc. #2 v Albert, 102 AD3d 737, 738 [2013]). However, equity will intervene to disregard the corporate form or pierce the corporate veil when necessary to prevent fraud or to achieve equity (see Matter of Morris v New York State Dept, of Taxation & Fin., 82 NY2d 135, 140 [1993]). The concept of piercing the corporate veil permits claims to be asserted against the individuals who control the corporation in order to avoid fraud or injustice (see id.; Flushing Plaza Assoc. #2 v Albert, 102 AD3d at 738). Piercing the corporate veil requires a showing that the individual defendant “exercised complete dominion and control over the corporation and used such dominion and control to commit a fraud or wrong against the plaintiff which resulted in injury” (Flushing Plaza Assoc. #2 v Albert, 102 AD3d at 738-739). “The decision whether to pierce the corporate veil in a given instance depends on the particular facts and circumstances” (Weinstein v Willow Lake Corp., 262 AD2d 634, 635 [1999]; see Ventresca Realty Corp. v Houlihan, 41 AD3d 707, 708-709 [2007]).
Here, as to the first cause of action, which alleged breach of contract and sought to pierce the corporate veil, Salvatore’s evidentiary submissions demonstrated, prima facie, that he executed the lease in his corporate capacity as a principal of Ocean Associates, and that he did not exercise dominion and control over Ocean Associates to commit a wrong or injustice against the plaintiff (see Ventresca Realty Corp. v Houlihan, 41 AD3d at 709). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Salvatore’s use of the corporate form was intended for the commission of a fraud or wrong upon plaintiff (see Flushing Plaza Assoc. #2 v Albert, 102 AD3d at 738; Abel-man v Shoratlantic Dev. Co., 153 AD2d 821, 823 [1989]). In any event, a simple breach of contract, without more, does not constitute a fraud or wrong warranting the piercing of the corporate veil (see Treeline Mineola, LLC v Berg, 21 AD3d 1028, 1029 [2005]). To the extent that Salvatore failed to respond to certain interrogatories, such failure did not render summary judgment *948 premature (see CPLR 3212 [f]), as those particular interrogatories did not seek information probative of the issue of whether Salvatore misused the corporate form to commit a fraud or wrong upon the plaintiff.
Accordingly, the Supreme Court properly granted Salvatore’s motion for summary judgment dismissing the complaint insofar as asserted against him. Mastro, J.P, Dillon, Dickerson and Austin, JJ., concur.