Straus v Strauss (2019 NY Slip Op 05209)





Straus v Strauss


2019 NY Slip Op 05209


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9761 304189/13

[*1]Elizabeth S. Straus, Plaintiff-Appellant,
v
Daniel A. Strauss, Defendant-Respondent.


Pillsbury Winthorp Shaw Pittman LLP, New York (Edward Flanders of counsel), for appellant.
Stutman Stutman & Lichtenstein, New York (William S. Beslow of counsel), for respondent.



Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered July 24, 2018, which, to the extent appealed from, upon reargument and renewal, granted plaintiff's application for an award of attorneys' fees and costs to Pillsbury Winthrop Shaw Pittman LLP (Pillsbury) to the extent of awarding $440,000 in counsel fees, unanimously modified, on the law, to remand for a determination as to whether reasonable out of pocket costs and expenses paid for outside vendors should be awarded, and otherwise affirmed, without costs.
This claim for attorneys fees and out of pocket expenses arises as a collateral dispute in the context of an underlying matrimonial action. In a prior decision the court found that defendant and his attorney engaged in frivolous conduct by improperly retaining an iPad containing privileged communications between plaintiff and her attorney, Mr Lugo, about the underlying case as well as communications concerning plaintiff's personal relationships. As part of the iPad dispute, the Pillsbury firm was retained to represent Mr. Lugo. Plaintiff obligated herself to pay Mr. Lugo's fees.
The underlying frivolous conduct, detailed in the court's prior order, provided a sufficient basis for an award of reasonable counsel fees and costs to Pillsbury, whose retention was limited to the iPad dispute (see 22 NYCRR 130-1.2). In determining that Pillsbury was entitled to counsel fees in the amount of $440,000 of the more than $1.3 million billed, the court set forth the factors it considered, which included a review of the invoices and attorney affirmations, that fees were also due to plaintiff's own counsel, the experience, ability and reputation of the attorneys working on the dispute, the complexity of the issues and the results obtained. The court also found that the firm's combined hourly billing rate was excessive. We believe that the court's decision was sufficiently detailed in providing "the reasons why the court found the amount awarded ... to be appropriate" (22 NYCRR 130-1.2; Spinnell v Toshiba Am. Consumer Prods., 239 AD2d 175 [1st Dept 1997]).
To the extent the court considered Pillsbury's non-compliance with 22 NYCRR 1400, the court recognized that Part 1400 is meant to address abuses in the practice of matrimonial law and to protect the public (Gross v Gross, 36 AD3d 318, 322 [2d Dept 2006] [internal quotation marks omitted]) and that compliance with Part 1400 may be waived by the client (see Rivacoba v Aceves, 110 AD3d 495 [1st Dept 2013]). The court expressly held that non-compliance with Part 1400 did not prevent an award of fees in this case. While the court noted that Pillsbury was still required to, but did not, comply with Part 1400, we find no abuse of discretion in the overall reduced amount awarded, especially where, as here, the court was fully familiar with the case, and considered the relevant factors.
The court, however, should have separately considered an award on Pillsbury's request for out of pocket costs and disbursements paid to the outside vendors. We, therefore, remand this matter for a determination solely on this issue.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK