Rose v Different Twist Pretzel, Inc. (2019 NY Slip Op 06195)





Rose v Different Twist Pretzel, Inc.


2019 NY Slip Op 06195


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2017-00247
 (Index No. 9279/14)

[*1]Wayne Rose, appellant, 
v
Different Twist Pretzel, Inc., et al., respondents, et al., defendants.


Wayne Rose, Brooklyn, NY, appellant pro se.
Luc Ulmet, New York, NY, for respondents Different Twist Pretzel, Inc., August Peter Maggio, Joan Maggio, and Chapel Banks Investment, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 9, 2016. The order, insofar as appealed from, denied, as academic, that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against the defendant Joan Maggio, denied that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against the defendant August Peter Maggio, and granted those branches of the cross motion of the defendants Different Twist Pretzel, Inc., August Peter Maggio, and Chapel Banks Investment, Inc., which were for summary judgment dismissing the amended complaint insofar as asserted against the defendants Different Twist Pretzel, Inc., and August Peter Maggio, and for summary judgment dismissing the cause of action to recover damages for fraud insofar as asserted against Chapel Banks Investment, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2010, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, which stems from a 2005 written master license agreement (hereinafter the contract) entered into between the plaintiff and the defendant Chapel Banks Investment, Inc. (hereinafter Chapel). The contract was executed by the defendant August Peter Maggio in his capacity as president of Chapel. In the contract, the plaintiff purportedly was given the right to open "Different Twist Pretzel Co." stores in the State of New York. The plaintiff alleged, inter alia, that he was responsible for the opening of a store in the Staten Island Ferry Terminal and that he was not paid the royalties he claims were due to him pursuant to the contract. In an amended complaint, the plaintiff asserted, inter alia, causes of action to recover damages for breach of contract, fraud, and civil conspiracy. He also sought, among other things, to recover punitive damages and damages for emotional distress. The plaintiff further sought to pierce the corporate veil as to August Peter Maggio and the defendant Joan Maggio, who he alleged was, inter alia, an officer of the defendant Different Twist Pretzel, Inc.
In an order dated May 23, 2011, the Supreme Court granted a motion by Joan Maggio to dismiss the amended complaint insofar as asserted against her. The plaintiff did not take an appeal from that order.
In 2016, the plaintiff moved for summary judgment on the amended complaint insofar as asserted against the defendants August Peter Maggio and Joan Maggio. The defendants August Peter Maggio, Different Twist Pretzel, Inc., and Chapel (hereinafter collectively the defendants) cross-moved for summary judgment dismissing the amended complaint insofar as asserted against them. The Supreme Court denied, as academic, that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against Joan Maggio, denied that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against August Peter Maggio, and granted those branches of the defendants' cross motion which were for summary judgment dismissing the amended complaint insofar as asserted against Different Twist Pretzel, Inc., and August Peter Maggio, and for summary judgment dismissing the cause of action to recover damages for fraud insofar as asserted against Chapel. The plaintiff appeals.
The order of the Supreme Court dated May 23, 2011, granting the motion by Joan Maggio to dismiss the amended complaint insofar as asserted against her, from which the plaintiff did not appeal, was the law of the case (see Grossman v Team Care Home Care Agency, Inc., 14 AD3d 652; Andrea v du Pont de Nemours & Co., 289 AD2d 1039, 1041; Kimmel v State of New York, 261 AD2d 843, 844). Accordingly, we agree with the Supreme Court's denial, as academic, of that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against Joan Maggio (cf. Hothan v Mercy Med. Ctr., 105 AD3d 905, 905).
August Peter Maggio, who signed the contract as the president of Chapel, and not in his individual capacity, demonstrated his prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against him (see Bonacasa Realty Co., LLC v Salvatore, 109 AD3d 946, 947). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the use of the corporate form was intended for the commission of a fraud or wrong upon the plaintiff (see Flushing Plaza Assoc. #2 v Albert, 102 AD3d 737, 738; Abelman v Shoratlantic Dev. Co., 153 AD2d 821, 823). In any event, an alleged breach of contract, without more, does not constitute a fraud or wrong warranting the piercing of the corporate veil (see Bonacasa Realty Co., LLC v Salvatore, 109 AD3d at 947; Treeline Mineola, LLC v Berg, 21 AD3d 1028, 1029). Thus, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against August Peter Maggio and granting that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against August Peter Maggio.
Further, we agree with the Supreme Court's determination granting that branch of the defendants' cross motion which was for summary judgment dismissing the fraud cause of action insofar as asserted against Chapel. "Generally, a cause of action alleging breach of contract may not be converted to one for fraud merely with an allegation that the contracting party did not intend to meet its contractual obligations" (Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp., 89 AD3d 913, 914; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318). Here, the fraud cause of action related only to the alleged breach of contract (see Tsilogiannis v 53-11 90th St. Assoc., 293 AD2d 468).
The plaintiff's remaining contentions either are without merit, need not be reached in light of our determination, or are not properly before us on this appeal.
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court