TMCC, Inc. v Jennifer Convertibles, Inc. (2019 NY Slip Op 07635)





TMCC, Inc. v Jennifer Convertibles, Inc.


2019 NY Slip Op 07635


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-09630
 (Index No. 601748/18)

[*1]TMCC, Inc., et al., appellants, 
v
Jennifer Convertibles, Inc., respondent.


The Law Office of Gregory A. Goodman, P.C. (The Law Office of Jason Tenenbaum, P.C., Garden City, NY, of counsel), for appellants.
Olshan Frome Wolosky, LLP, New York, NY (Joseph B. Weiner and Nicholas S. Hirst of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of a lease, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered June 21, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Nonparty Hartsdale Convertibles, Inc. (hereinafter Hartsdale), allegedly entered into a commercial lease whereby it agreed to pay the plaintiffs certain rent. Hartsdale allegedly was a wholly owned subsidiary of the defendant, Jennifer Convertibles, Inc. (hereinafter JCI). Hartsdale allegedly breached the lease by failing to make payments in accordance therewith.
The plaintiffs commenced this action against JCI, alleging that JCI was liable for Hartsdale's alleged breach of the lease. The plaintiffs alleged in the complaint that Hartsdale was a "dummy corporation" of JCI, the subject premises had JCI branding, and JCI made all payments to the plaintiffs. JCI moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted that branch of JCI's motion which was to dismiss the complaint, and the plaintiffs appeal.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Grant v DiFeo, 165 AD3d 897, 898-899; Kupersmith v Winged Foot Golf Club, Inc., 38 AD3d 847, 848). "However, bare legal conclusions are not presumed to be true and are not accorded every favorable inference" (Grant v DiFeo, 165 AD3d at 899; see Kupersmith v Winged Foot Golf Club, Inc., 38 AD3d at 848). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Cassese v SVJ [*2]Joralemon, LLC, 168 AD3d 667, 669; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
" A party seeking to pierce the corporate veil must establish that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury'" (Peery v United Capital Corp., 84 AD3d 1201, 1202, quoting Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141, 145 [internal quotation marks omitted]; see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141). "Evidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance" (TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339; see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141-142).
We agree with the Supreme Court's determination that JCI was entitled to dismissal of the complaint pursuant to CPLR 3211(a)(7). Accepting the facts alleged in the complaint as true, and according the plaintiffs the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the complaint, even amplified by the plaintiffs' submissions in opposition to JCI's motion, failed to sufficiently allege a cause of action to recover damages for breach of contract under the theory of piercing Hartsdale's corporate veil to hold JCI liable (see Sacks v The Knolls at Pinewood, LLC, 157 AD3d 917, 919; see also Bonacasa Realty Co., LLC v Salvatore, 109 AD3d 946, 947). A "simple breach of contract, without more, does not constitute a fraud or wrong warranting the piercing of the corporate veil" (see Bonacasa Realty Co., LLC v Salvatore, 109 AD3d at 947), and the complaint, as amplified by the plaintiffs' other submissions, is devoid of any allegations as to how JCI used its domination of Hartsdale to commit a wrong against the plaintiffs (see TNS Holdings v MKI Sec. Corp., 92 NY2d at 339; Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 142-143; Aspire Music Group, LLC v Cash Money Records, Inc., 169 AD3d 441, 441-442).
We need not reach the plaintiffs' remaining contention in light of our determination.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court