| **Soleil Chartered Bank v Breton Equity Co. Corp.** |
|:---:|
| 2025 NY Slip Op 34407(U) |
| November 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 653094/2025 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** <u>HON. KATHLEEN WATERMAN-MARSHALL</u>

*Justice*

-------------------------------------------------------------------------------X

SOLEIL CHARTERED BANK,

Plaintiff,

- v -

BRETON EQUITY COMPANY CORP, TED DOUKAS

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **PART** | **31** |
| **INDEX NO.** | 653094/2025 |
| **MOTION DATE** | 06/27/2025, 06/27/2025 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 12, 13, 14

were read on this motion to/for <u>DISMISSAL</u>.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 9, 10

were read on this motion to/for <u>DISMISSAL</u>.

Upon the foregoing documents, the motion by defendant Ted Doukas ("Mr. Doukas") to dismiss the complaint as against him pursuant to CPLR §§ 3211(a)(1) (documentary evidence) and (7) (failure to state a cause of action), and for sanctions under 22 NYCRR § 130-1.1, is partially granted (motion seq. 001). Upon the same record, the motion by defendant Breton Equity Company Corp. ("Breton Equity") to dismiss the complaint as against it under CPLR § 3211(a)(4) (another action pending), is granted (motion seq. 002).

## Background

In its brief complaint, plaintiff Soleil Chartered Bank ("Soleil") asserts a claim for contractual indemnity against Breton Equity and Mr. Doukas related to a $200,000 letter of credit, which is the subject of another action pending in Supreme Court under Index No. 651692/2023. The complaint does not contain any headings and lumps its indemnification (and related) claims into a single cause of action. Soleil alleges that Mr. Doukas signed the indemnity contract in both his personal and corporate capacity, and that he is the alter ego of Breton Equity, and seeks to hold him personally responsible by piercing the corporate veil.

## Discussion

On a motion to dismiss under for documentary evidence, the complaint should be liberally construed, the facts presumed to be true, and the pleading accorded the benefit of every possible favorable inference (*see e.g. Leon v Martinez*, 84 NY2d 83 [1994]). Under CPLR § 3211(a)(1), dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (*id.*; citing *Heaney v Purdy*, 29 NY2d 157 [1971]).

**653094/2025   SOLEIL CHARTERED BANK vs. BRETON EQUITY COMPANY CORP ET AL**     **Page 1 of 4**
**Motion No.  001 002**

1 of 4

[* 1]

On a motion to dismiss under § 3211(a)(7), the complaint is likewise afforded the benefits of liberal construction, a presumption of truth, and any favorable inference (*see e.g. M & E 73-75, LLC v 57 Fusion LLC*, 189 AD3d 1 [1st Dept 2020]; *Askin v Department of Educ. of City of N.Y.*, 110 AD3d 621, 622 [1st Dept 2013]). The motion must be denied if, from the four corners of the pleadings, "factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001] [internal quotation omitted]). A complaint should not be dismissed so long as, "when the plaintiff's allegations are given the benefit of every possible inference, a cause of action exists," and a plaintiff may cure potential deficiencies in its pleading through affidavits and other evidence (*R.H. Sanbar Projects v Gruzen Partnership*, 148 AD2d 316, 318 [1st Dept 1989]). However, bare legal conclusions and factual allegations which are inherently incredible or contradicted by documentary evidence are not presumed to be true (*Mark Hampton, Inc. v Bergreen*, 173 AD2d 220 [1st Dept 1991]).

*Mr. Doukas' Motion (Seq. 001)*

There is no basis in the complaint (or in the motion papers) to find that Mr. Doukas signed the indemnification agreement in his personal capacity. It is undisputed that the indemnity agreement at issue here was signed by Mr. Doukas as "President and Holder of 100% of shares" of Breton Equity Company Corp. and that the notarization of Mr. Doukas' signature states that he certifies he has corporate authority to bind the corporation. There is no language in the indemnity agreement personally binding Mr. Doukas. The Court of Appeals has long held corporate signature does not personally bind the signatory (*see generally*, *Salzman Sign Co. v Beck*, 10 NY2d 63 [1961] [signatory]; *Mencher v Weiss*, 306 NY 1 [1953]). Consequently, the plain contractual language of the indemnity agreement establishes, and Soleil does not refute, that Mr. Doukas signed the indemnification agreement in his corporate capacity. To the extent that the complaint alleges Mr. Doukas signed the indemnification agreement in his personal capacity, it is dismissed (*see e.g.* Complaint at ¶ 7).

That part of the complaint as alleges that Mr. Doukas is the alter ego of Breton Equity, and that the Court should pierce the corporate veil to hold Mr. Doukas personally liable, is also dismissed. Piercing the corporate veil requires complete domination of the corporation by the owner and that such control was used to commit a fraud or wrong resulting in the plaintiff's injury (*Morris v New York State Dept. of Taxation and Finance*, 82 NY2d 135 [1993]; *Matter of Guptill Holding Corp. v State of New York*, 33 AD2d 362 [3d Dept 1970] *aff'd* 3 NY2d 897). Viel-piercing is narrowly applied (*Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner LLC*, 146 AD3d 1, 6 [1st Dept 2016]) and "precedent is clear that courts will pierce only to prevent fraud, illegality or to achieve equity" (*Treeline Mineola, LLC v Berg*, 21 AD3d 1028 [2d Dept 2005]). A breach of a contract claim, without more, is insufficient to pierce the corporate veil (*Skanska USA Bldg. Inc.*, 146 AD3d at 7 quoting *Bonacasa Realty Co, LLC v Salvatore*, 109 AD3d 946, 947 [2d Dept 2013]).

Soleil has set forth only conclusory allegations setting forth the veil-piercing factors without any factual support. This is insufficient to pierce the corporate veil (*id*.). Additionally, Soleil has not alleged any facts supporting its allegation that Mr. Doukas or Breton Equity committed fraud or an injustice. Soleil's affidavit in opposition (NYSCEF Doc. No. 13) stating that Mr. Doukas "personally and fraudulently benefited from the transaction" is made upon

653094/2025   SOLEIL CHARTERED BANK vs. BRETON EQUITY COMPANY CORP ET AL          Page 2 of 4
Motion No.  001 002

2 of 4

information and belief without providing the source of such information, and is therefore insufficient to sustain any allegation of fraud (*DDJ Mgmt., LLC v Rhone Group L.L.C.*, 78 AD3d 442 [1st Dept 2010]; *Facebook, Inc. v DLA Piper LLP (US)*, 134 AD3d 610 [1st Dept 2015]). Additionally, the statement is wholly conclusory.

To the extent that the complaint alleges Breton Equity was undercapitalized, these allegations are insufficient to pierce the veil (*Saivest Empreendimentos Imobiliarios E. Participacoes, Ltda v Elman Invs., Inc.*, 117 AD3d 447 [1st Dept 2014] [conclusory allegations that a corporate entity was undercapitalized and that the owner comingled assets and dominated the corporation are insufficient to pierce the corporate veil]). Nor is the allegation that defendants breached the indemnification agreement sufficient to pierce the corporate veil (*Skanska USA Bldg. Inc.*, 146 AD3d at 7). Finally, there is no reason for equitable intervention. Accordingly, the complaint is dismissed as against Mr. Doukas.

The Court declines to impose sanctions against Soleil under 22 NYCRR § 130-1.1. The Court is afforded discretion to impose sanctions and costs for frivolous conduct (22 NYCRR 130-1.1[a]). "Conduct is frivolous if it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (*Newman v Berkowitz*, 50 AD3d 479 [1st Dept 2008] [internal quotations omitted]; 22 NYCRR § 130-1.1[c]). While the complaint has been dismissed, that does not require a finding that filing the complaint is frivolous.

### *Breton Equity's Motion (Seq. 002)*

Breton Equity moves to dismiss the complaint against it under CPLR § 3211(a)(4) as there is another action pending between it and Soleil for the same cause of action. The motion is unopposed.

Where two sufficiently similar actions are pending with substantial identity of the parties and seeking substantially the same relief, the action may be dismissed (CPLR 3211[a][4]; *Swartz v Swartz*, 145 AD3d 818 [2d Dept 2016]). New York follows the "first-in time" rule, to wit: "the court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere" (*White Light Prods v On the Scene Prods.*, 231 AD2d 90, 96 [1st Dept 1997]; *Syncora Guar. Inc v JP Morgan Sec. LLC*. 110 AD3d 87, 95 [1st Dept 2013]). Dismissal is not mandated, however, and the Court may issue such order as justice requires (CPLR § 3211[a][4]). This includes ordering consolidation of related actions, *sua sponte*, when the two actions involve the same subject matter and parties, consolidation will preserve the rights of the parties, and doing so is judicially economical (*MediaAmerica, Inc. v Rudnick*, 156 AD2d 174 [1st Dept 1989]; *John J. Campagna, Inc. v Dune Alpin Farm Assoc.*, 81 AD2d 633 [2d Dept 1981]).

There is a sufficiently related prior matter currently pending between Soleil and Breton Equity entitled *Crestwood Services, LLC v Soleil Chartered Bank, et al* (Index No. 651692/2023). In that 2023 action, Soleil impleaded Breton Equity, via a third-party complaint, and asserts the same indemnification claims it asserts in this action. Under these circumstances, the Court declines to *sua sponte* consolidate this and the 2023 action as not judicially economical because consolidation would merely serve to duplicate the claims against Breton Equity.

653094/2025   SOLEIL CHARTERED BANK vs. BRETON EQUITY COMPANY CORP ET AL          Page 3 of 4
Motion No.  001 002

3 of 4

[* 3]

Consequently, the complaint in this matter against Breton Equity is duplicative of the 2023 action, and Breton Equity's motion to dismiss this action is granted on the merits and without opposition.

Accordingly, it is hereby

**ORDERED** that the motion by defendant Ted Doukas to dismiss the complaint against him is granted (motion sequence 001); and it is further

**ORDERED** that the motion by defendant Breton Equity Company Corp. to dismiss the complaint against it is granted (motion sequence 002); and it is further

**ORDERED** that any requested relief not expressly addressed herein has nevertheless been considered and is hereby denied.

_____
**11/17/2025**
**DATE**

_____
**KATHLEEN WATERMAN-MARSHALL, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**653094/2025   SOLEIL CHARTERED BANK vs. BRETON EQUITY COMPANY CORP ET AL**
**Motion No.  001 002**

Page 4 of 4