ALOIS E. GOERGEN, Respondent, *v.* FRANK X. NEBRICH et al., as Committee of PETER C. NEBRICH, an Incompetent Person, et al., Appellants.

Fourth Department, November 13, 1957.

*John J. Olszewski* for respondent.

*John F. Canale* and *Frederick M. Marshall* for appellants.

*Per Curiam.* We treat the " order " appealed from as an interlocutory judgment. The counterclaim, so-called, and the affirmative defenses were properly stricken out and judgment of dissolution of the partnership pursuant to section 63 of the Partnership Law was properly granted. It remained, therefore, the function of the court to direct the accounting and to supervise the winding up of the partnership pursuant to section 75 of the Partnership Law. In this, the court is vested with considerable discretion. It may confide the continuation of the business pending the final liquidation to a receiver or to a surviving partner; it may itself settle the accounts and pass upon the rights and liabilities of the partners or refer those matters to a referee to hear and report. If a sale of the partnership property is indicated, the court may so order, the method of sale being in the court's discretion. We find no error in the provisions of the interlocutory decree which continue the business by the plaintiff pending final settlement and which provide reasonable compensation for such services. (Partnership Law, § 40, subd. 6.) We find no error in the injunctive provisions of the judgment. Such were within the court's discretion.

However, we do not agree with the Special Term that the " Joint Business Valuation and Optional Buy-and-Sell Agreement " entered into by the partners is the effective guide in determining either the rights and liabilities of the partners or the valuations to be used upon the accounting. The underlying controversy presently between the plaintiff and the committee of the incompetent partner is that each side is seeking to compel the other to sell at valuations fixed in the " buy-and-sell " agreement. As we read and construe this agreement, it is

inapplicable to an accounting upon a judicial dissolution under section 63 of the Partnership Law, not based upon any of the causes of dissolution in the agreement. The dissolution of this partnership because of the adjudged incompetency of a partner was not contemplated by the partners when they made their agreements. The " buy-and-sell " agreement which was part and parcel of the partnership agreement did not encompass the contingency of a dissolution by reason of the incompetency of a partner. The provisions for options to purchase and the formulae for valuations in case of sale and purchase do not control upon this dissolution and accounting. Neither side may compel the other to sell. It follows, therefore, that the partnership property must be sold in such manner and at such time as the court in its discretion may direct. Circumstances may well dictate that the wisest method of disposing of the partnership assets should be by public sale. Such direction would not necessarily prevent these parties from agreeing upon a purchase and sale between themselves provided the defendants obtain court authority for such action.

The order and interlocutory judgment appealed from should be modified in accordance with our determination and the matter remitted to Special Term to proceed in accordance with this opinion.

All concur. Present — VAUGHAN, J. P., KIMBALL, WILLIAMS, BASTOW and GOLDMAN, JJ.

Interlocutory judgment, designated " order ", directed to be modified on the law and facts in accordance with the opinion and as modified affirmed, without costs of this appeal to any party, and matter remitted to Erie Special Term to enter an order in accordance with the opinion.