■ Leon I. Behar, Individually and as 50% Shareholder of Behar & Greer, P. C., Appellant, v Ida R. Greer, Individually and as 50% Shareholder of Behar & Greer, P. C., Defendant-Respondent, and Lisa A. Wellman et al., Defendants. [664 NYS2d 544] —Order, Supreme Court, New York County (Carol Arber, J.), entered August 22, 1996, which, insofar as appealed from as limited by plaintiff's brief, denied plaintiff's motion for an order releasing $20,000 deposited into the court, unanimously affirmed; order, same court and Justice, entered August 22, 1996, which, insofar as appealed from as limited by plaintiff's brief, sanctioned plaintiff $250, directed turnover of bank statements and financial records, directed transfer of the books and records of Behar & Greer, P. C., to the firm of Shavelson, Neuman and Company, appointed Jeffrey Shavelson custodian of the books and records, and directed the release of $2,500 to cover the costs of storage, unanimously modified, on the law, to vacate the imposition of $250 sanctions, and otherwise affirmed; order, same court (Alfred Toker, J.), entered April 25, 1997, which, insofar as appealed from as limited by plaintiff's brief, declined to order disqualification of Jeffrey Shavelson as accountant for Behar & Greer, P. C., unanimously affirmed; all with costs payable to respondent.

22 NYCRR 130-1.2 provides that the court may impose sanctions "only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate", and that an "award of costs or the imposition of sanctions or both shall be entered as a judgment of the court". The motion court's failure to comply with these requirements renders the order of sanctions deficient (*see, e.g., Spinnell v Toshiba Am. Consumer Prods.*, 239 AD2d 175). In all other respects, we find the challenged dispositions to be appropriate exercises of the court's discretion in supervising the dissolution (*see, Goergen v Nebrich*, 4 AD2d 526, 527). We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Nardelli, Williams and Colabella, JJ.