■ 111-115 BROADWAY LIMITED PARTNERSHIP, Appellant-Respondent, v MINTER & GAY et al., Respondents, and DARRELL S. GAY, Respondent-Appellant, et al., Defendant. [680 NYS2d 12] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 27, 1997, which, upon the prior grant in part of plaintiff's motion for summary judgment on its first cause of action for unpaid base and additional rent accruing from June 30, 1994 through July 31, 1996, and the prior dismissal, upon a search of the record, of plaintiff's claims against defendant partnership Minter & Gay, *inter alia*, dismissed the complaint as against defendant Minter & Gay and directed that plaintiff was entitled to recover the total amount of $282,672.40 from defendant Minter, Gay & Brown, P. C., unanimously modified, on the law, to delete the first decretal paragraph dismissing the complaint as against defendant Minter & Gay and to reinstate the complaint as against Minter & Gay, and otherwise affirmed, without costs.

Notwithstanding its dissolution, defendant partnership Minter & Gay continued to exist at the relevant times for the purpose of winding up its affairs, among which was its prolonged and ongoing dispute with plaintiff respecting rent allegedly due pursuant to the subject lease. Therefore, the partnership's dissolution did not, as the motion court found, render it unamenable to this action seeking to determine the extent, if any, of the partnership's outstanding obligation under that lease (*see, Bayer v Bayer*, 215 App Div 454, 472). We are otherwise in agreement with the motion court's determination. We note in particular that the monetary award to plaintiff, reflecting defendant professional corporation's continuing liability during the contractually stipulated lease term for amounts due pursuant to the lease, to the extent that such amounts were not otherwise collected by plaintiff, is in accord with the remedial provisions in the landlord's favor set forth in paragraph 18 of the subject lease. We have considered and rejected the parties' additional claims. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Andrias, JJ.