(January 18, 2001)

■ CLINTON CORNER H.D.F.C., Appellant, v ANGEL LAVERGNE et al., Respondents. MICHAEL STEPPER, Nonparty Appellant. [719 NYS2d 77] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about July 12, 2000, which directed nonparty Michael Stepper, Esq. to pay the sum of $8,642.75 to the named plaintiff, Clinton Corner H.D.F.C., within 30 days of the service of a copy of the order with notice of entry, unanimously reversed, on the law and the facts, without costs, and the award vacated.

This action was commenced in the name of Clinton Corner H.D.F.C. (the Corporation), a low-income cooperative housing corporation, by Stepper, who was retained by a group of shareholders purporting to constitute the Corporation's lawful Board of Directors. Defendants are comprised of a second group of shareholders who also claimed to be the Corporation's lawful Board of Directors. The merits of this underlying dispute are not at contention herein.

The issue of the validity of the Board elections was referred to a Special Referee "to hear and determine pursuant to the stipulation of the parties." The Referee subsequently held, *inter alia*, that the defendants constituted the lawful Board of Directors, and that the members of the ousted Board who had authorized the use of the Corporation's funds to pay Stepper were personally liable for the reimbursement to the Corporation of those funds.

By decision and order dated March 31, 2000, the Supreme Court directed, *inter alia*, that the books, records and funds of the Corporation be turned over to the lawful Board to which Stepper, acting in the name of the Corporation on behalf of the ousted Board, filed a notice of appeal. This Court granted an interim stay pending appeal on April 7, 2000, which was vacated by order dated May 2, 2000. Thereafter, by order to show cause dated May 22, 2000, the lawful Board sought an order: directing the production of the Corporation's books, records and funds in the ousted Board's possession; holding the ousted Board and plaintiff's counsel in contempt for wilfully violating the court's March 31, 2000 order; and awarding attorneys' fees, court costs and disbursements.

Stepper submitted an affirmation in opposition maintaining that he should not be held in contempt personally because he was neither a party to the action nor subject to any order in the action, and he has never had in his custody any of the Corporation's books, records, or checkbooks. On May 25, 2000,

the parties entered into a stipulation pursuant to which various records, as itemized therein, would be turned over to the lawful Board. In addition, the motion court issued an order, also dated May 25, 2000, which provided that the balance of the motion pertaining to attorney's fees, costs and disbursements, would be held in abeyance pending Stepper's compliance with the court's order and his filing of a full accounting.

Stepper complied by delivering to the court and opposing counsel a letter stating that he had received $20,417.09 in total fees, together with copies of invoices and a current "Statement of Account." The lawful Board thereafter submitted an "Affirmation in Support of Request for Legal Fees," dated June 26, 2000 (the fee request affirmation), which sought to recover $8,642.75 in legal fees incurred by the lawful Board since the Special Referee's January 13, 2000 order determining the underlying dispute. Defendants aver that the basis for the fees was unnecessary legal work arising out of frivolous litigation brought by the ousted Board subsequent to the Special Referee's determination. The fee request affirmation did not set a hearing date or return date for consideration of an application, and was apparently submitted ex parte to the Supreme Court, unaccompanied by a Notice of Motion.*

The foregoing affirmation, apparently without the benefit of a hearing or a response from Stepper, prompted a decision and order dated July 12, 2000, which purported to decide "the remainder of the motion to punish defendants [sic] for contempt, decided in part by decision and order of this court dated May 25, 2000." The court initially summarized the course of the litigation and then held that Stepper "appears to have participated in unnecessary, frivolous, and vexatious actions" and that the sum of $8,642.75 shall "be assessed against Michael Stepper, Esq. for engaging in frivolous and contumacious litigation."

While we are unclear on the grounds upon which the award against Stepper is based, the initial fundamental error made by the motion court was the decision to issue its order based upon an ex parte communication without affording Stepper the opportunity to reply. If we were to view the fee request affirmation as a stand-alone application for sanctions pursuant to 22 NYCRR subpart 130-1, it cannot be sustained because Stepper was clearly not provided with "a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]; *see also, Breslaw v Breslaw*,

---

* The lawful Board, on appeal, does not dispute Stepper's contention that the affirmation was served ex parte and there is no contrary indication anywhere in the record.

209 AD2d 662; *Landes v Landes*, 248 AD2d 268), and the order of the motion court does not set forth the conduct upon which the sanction was based, why such conduct was frivolous, or the reasons why the sanction imposed was appropriate (22 NYCRR 130-1.2; *Miller v DeCongilio*, 269 AD2d 504; *Mazzone v Mazzone*, 269 AD2d 574).

The order on appeal also cannot be sustained as a sanction for either criminal or civil contempt based on the lawful Board's May 2000 contempt application and the subsequent Supreme Court order dated May 25, 2000.

Judiciary Law § 751, which sets forth the authorized punishments for criminal contempt, is silent with regard to an award of attorneys' fees and provides for fines not to exceed $1,000 (Judiciary Law § 751 [1]). It is also well established that a motion for criminal contempt must be personally served "with equal dignity to that required of a summons * * * [and the] [f]ailure to personally serve the alleged contemnor is a jurisdictional defect requiring reversal." (*Matter of Grand Jury Subpoena [Morano's of Fifth Ave.]*, 144 AD2d 252, 256, *lv denied in part and dismissed in part* 73 NY2d 1009; *Lu v Betancourt*, 116 AD2d 492, 494.)

In this matter, the award of over $8,000 in attorneys' fees was clearly not a proper sanction for criminal contempt as set forth in Judiciary Law § 751 and, in any event, the application for criminal contempt was not personally served on Stepper, rendering it jurisdictionally defective.

With regard to a finding of civil contempt, we have previously held that "the court must expressly find that the person's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party to a civil proceeding." (*Oppenheimer v Oscar Shoes*, 111 AD2d 28, 29; *see also*, *Seril v Belnord Tenants Assn.*, 139 AD2d 401; Judiciary Law § 753.) Since no such findings were made in this matter, the order is fatally defective. Moreover, the attorneys' fees awarded were not those incurred as the result of the alleged contemptuous conduct (*Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers*, 249 AD2d 435; *Quantum Heating Servs. v Austern*, 121 AD2d 437), but apparently spanned the period dating back to the date the Special Referee's order was issued. This, too, was improper. Concur—Sullivan, P. J., Nardelli, Ellerin, Lerner and Friedman, JJ.