■ CHARLES E. DAY, Plaintiff, v NYP HOLDINGS, INC., et al., Defendants. DENISE A. RUBIN, Nonparty Appellant. [736 NYS2d 370] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered on or about January 17, 2001, which imposed a sanction of $1,000 on nonparty attorney Denise Rubin for misconduct in court, unanimously reversed, on the law and the facts, without costs, and the sanction vacated.

Nonparty appellant is the attorney for defendants in this personal injury action. The record reflects a case fraught with acrimony and vituperation between opposing counsel. Against this backdrop, counsel appeared before Judge Weissberg to argue a motion and cross motion relating to discovery. The Judge informed counsel at the beginning of the argument that he was well aware of the history of the attorneys' conduct before another judge and warned that "if anybody says anything inflammatory or unprofessional, that act and that act alone will subject you to a $10,000 sanction."

Citing the backdrop of impolite and pugnacious behavior by the attorneys in an overly contentious proceeding, the court also warned that anyone who interrupted again would be fined $1,000 per interruption. The Judge fined appellant twice, after appellant interjected herself prematurely while he was speaking.

This case demonstrates the virtually inevitable consequence of uncivil and uncooperative conduct among and between lawyers and the spillover effect such conduct has in subsequent proceedings. However, the transcript as a whole, including the above-mentioned two instances which provoked the court, does not, in our judgment, rise to a level justifying a formal sanction (*contrast, Mink v Conifer Park*, 142 AD2d 899).

Furthermore, although the IAS court gave the attorneys notice of its intent to impose sanctions, it did not afford appellant an opportunity to be heard before imposing them (*see, Dubai Bank v Ayyub*, 187 AD2d 373; *see also*, 22 NYCRR 130-1.1 [d]). Moreover, the court did not set forth any reasons why the sum of $1,000 is an appropriate sanction for an interruption (*see, Spinnell v Toshiba Am. Consumer Prods.*, 239 AD2d 175), an essential aspect of compliance with 22 NYCRR 130-1.2. The rules governing sanctions are designed to protect people against the precise type of sanction imposed here: summary imposition of fines in a moment of pique. Accordingly, the sanction is vacated. Concur—Tom, J.P., Rosenberger, Rubin, Buckley and Marlow, JJ.