■ FIRST YORK 86TH STREET COMPANY, Appellant, v FREDERICO CALCE, Respondent. FIRST YORK 86TH STREET COMPANY, Appellant-Respondent, v FREDERICO CALCE, Respondent-

Appellant. [760 NYS2d 852] —Appeals from (1) order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about November 30, 2001, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment, upon plaintiff's default in answering the calendar call, (2) judgment, same court and Justice, entered February 8, 2002, which dismissed the complaint pursuant to the November 30, 2001 order, and (3) order, same court and Justice, entered March 15, 2002, which denied plaintiff's motion to vacate (mischaracterized by the court as one to reargue) the November 30, 2001 order upon its default in again answering the calendar call, unanimously dismissed, without costs, as taken from nonappealable papers. Order, same court and Justice, entered June 6, 2002, which denied plaintiff's motion to vacate the order of March 15, 2002, and denied defendant's cross motion to sever his counterclaims and for an assessment of sanctions, unanimously affirmed, without costs.

No appeal lies from an order or judgment granted on default (CPLR 5511). Plaintiff's motion to vacate its default in answering the calendar call on the parties' motions for summary judgment was properly denied for lack of a reasonable excuse (CPLR 5015 [a] [1]). Although plaintiff did not request oral argument on the motion, it knew that Justice Tompkins had previously scheduled oral argument on the parties' prior motions for summary judgment, and the Justice's notice of oral argument on this motion was published for six consecutive days in the New York Law Journal immediately preceding its scheduled argument date. Publication of court notices in the Law Journal is generally regarded as notice to all concerned attorneys, who are expected to keep abreast of such information (*see Matter of Raes Pharm. v Perales*, 181 AD2d 58, 63 [1992]).

As for defendant's cross appeal, the parties' original causes of action were merged in the final judgment entered on February 8, 2002 (*see Jay's Stores v Ann Lewis Shops*, 15 NY2d 141, 147 [1965]). Thus, defendant is barred from now pursuing his counterclaims and claim for sanctions, which he asserts were granted when plaintiff defaulted on its motion for summary judgment. We also note that if, as defendant asserts, the November 30, 2001 order determined that he was entitled to an award of sanctions, the order would not be in accord with 22 NYCRR 130-1.2, requiring the court to set forth, inter alia, the conduct on which such an award is based (*see Behar v Greer*, 243 AD2d 357 [1997]). Concur—Andrias, J.P., Sullivan, Ellerin, Williams and Lerner, JJ.