■ NYCTL 1997-1 TRUST et al., Respondents, v MANUEL SEIJAS et al., Defendants. MICHAEL H. SCHWARTZ, Nonparty Appellant. [763 NYS2d 749] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered January 11, 2002, which, insofar as appealed from, directed nonparty appellant Michael H. Schwartz, Esq., to pay the sum of $500 to the Lawyers' Fund for Client Protection as a sanction for frivolous conduct pursuant to 22 NYCRR subpart 130-1, unanimously reversed, on the law, without costs, and the finding of frivolous conduct and the sanction vacated.

Nonparty appellant Schwartz, an attorney, served a limited notice of appearance for defendant Seijas in this action to foreclose on a tax lien. After a judgment of foreclosure and sale was entered against Seijas, another attorney moved on Seijas's behalf to set aside the foreclosure sale. Schwartz submitted an affirmation in support of the motion to vacate, but did not represent Seijas on the motion. In denying the motion to vacate, the IAS court, on its own initiative, and without prior notice to Schwartz, made a finding that Schwartz had engaged in frivolous conduct by reason of a false statement of fact purportedly contained in his affirmation, and imposed a sanction on him pursuant to 22 NYCRR subpart 130-1. We are constrained to vacate the finding of frivolous conduct and the sanction on the ground that the IAS court failed to provide Schwartz with "a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]) before the finding and the sanction were rendered (*see Day v NYP Holdings*, 290 AD2d 342, 343 [2002]; *Clinton Corner H.D.F.C. v Lavergne*, 279 AD2d 339, 340 [2001]), and because the court failed to set forth the reasons it found the amount of the sanction imposed to be appropriate (22 NYCRR 130-1.2; *see Day*, 290 AD2d at 343; *Clinton Corner*, 279 AD2d at 341). Concur—Buckley, P.J., Rosenberger, Lerner, Friedman and Gonzalez, JJ.