■ David W. Silvernail, Sr., Respondent-Appellant, v Paul T. Silvernail, Appellant-Respondent. [804 NYS2d 116]—

Kane, J. (1) Cross appeals from an order of the Supreme Court (Connor, J.), entered July 21, 2004 in Columbia County, which, inter alia, awarded plaintiff rental expenses in the amount of $18,000, and (2) appeal from the judgment entered thereon.

In the 1970s, plaintiff started a welding business in a shop on the same property as his residence. In 1986, he and his son, defendant, formed a partnership to operate the business. In 1997, plaintiff conveyed the real property containing the shop and residence to defendant and his wife, with plaintiff retaining a life estate and continuing to live in the residence. In 1999, plaintiff terminated his association with the business, took half of the equipment with him, then commenced this partnership dissolution action within a year. The parties stipulated to a judicial dissolution of the partnership in 2002, but could not agree on a division of the partnership assets. Supreme Court appointed a referee to hear the matter, after which the court confirmed the referee's findings of fact but disagreed with his conclusions. The court held that the parties had already evenly divided the partnership assets, but that the partnership was required to pay plaintiff rent for use of his shop from the time he terminated his association, and issued a judgment against defendant for half of the rent. In this appeal by both parties, we reverse.

After plaintiff disassociated himself from the partnership, defendant continued to operate the business out of the shop located on property which plaintiff had the exclusive right to occupy. No landlord-tenant relationship was ever established and plaintiff did not charge the partnership rent, indicating that use

of the real property had been plaintiff's contribution of his own asset to the partnership. As the property was an asset contributed to the partnership, plaintiff is not entitled to rent for the use of the property, as ordered by Supreme Court.

If he is not entitled to rent, plaintiff seeks half the partnership's profits between the time of his disassociation and judicial dissolution. Under the Partnership Law, a withdrawing partner is entitled to "receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership [at the time of his withdrawal] with interest, or, at his option . . ., in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership" (Partnership Law § 73; *see Breidbart v Wiesenthal*, 10 AD3d 346, 348 [2004]; *Ronan v Valley Stream Realty Co.*, 249 AD2d 288, 289 [1998]). Plaintiff opted to seek his share of the partnership's profits. Where the parties have not expressly agreed on the consequences of a partner's withdrawal, the partner is not entitled to receive a share of any moneys earned by the partnership after his or her withdrawal unless that partner participated in earning those moneys through actual services rendered or contribution of property used to earn them (*see Aurnou v Greenspan*, 161 AD2d 438, 438-439 [1990], *lv denied* 76 NY2d 713 [1990]).

Here, there was no partnership agreement. Plaintiff did not provide any services to the partnership once he terminated his interest. The referee and Supreme Court both found that plaintiff, upon his disassociation with the partnership, removed partnership assets roughly equivalent to those he left behind. While the personal property that plaintiff removed may have equaled that kept by defendant, defendant continued to use plaintiff's real property where the shop was located. Under the circumstances, because the property was used to earn profits for the business, plaintiff was entitled to receive the share of the partnership's profits attributable to that asset.

The record does not permit this Court to determine plaintiff's share of the profits. For Supreme Court to determine plaintiff's percentage share of the postwithdrawal profits, it must ascertain "the profits attributable to the use of his right in the property of the dissolved partnership" (Partnership Law § 73; *see Harold J. Rosen Trust v Rosen*, 53 AD2d 342, 358 [1976], *affd* 43 NY2d 693 [1977]). Because plaintiff removed half of the partnership's personal property assets at the time of his withdrawal, only the rental value of his real property may be considered as his share of the assets used after he left the business. We remit for the court to determine plaintiff's share of the profits from the time of his separation from the partnership until judicial dissolution.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order and judgment are reversed, on the law and the facts, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.