■ LEONA BRUNSON, Respondent, v JOHN D. REILLY et al., Appellants. MORRIS DUFFY ALONSO & FALEY, Nonparty Appellant. [894 NYS2d 875]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered February 5, 2009, which granted plaintiff's motion for attorney's fees and directed nonparty appellant, defendants' counsel in this personal injury action, to pay plaintiff's counsel $7,500, unanimously reversed, on the law, without costs, the motion denied, and the sanction vacated. Appeal from order, same court and Justice, entered April 17, 2009, which, upon reargument, reduced the award of attorney's fees to $3,750 on the condition that it be paid within 30 days of the order, unanimously dismissed, without costs, as academic.

The scant record before us does not demonstrate that defense counsel's conduct was frivolous and does not justify the imposition of a 22 NYCRR subpart 130-1 sanction. Further, the court failed to set forth the reasons why it found that counsel's conduct was frivolous and undertaken primarily to delay or prolong the resolution of the litigation (which was resolved by jury verdict on May 16, 2006) or to harass or maliciously injure another, despite the explanations counsel offered for the delays (*see* 22 NYCRR 130-1.1, 130-1.2; *542 Holding Corp. v Prince Fashions, Inc.*, 57 AD3d 414, 416 [2008]; *Behar v Greer*, 243 AD2d 357 [1997]). The court also failed to set forth the reasons why it found the amount of sanctions imposed appropriate (*see* 22 NYCRR 130-1.2; *NYCTL 1997-1 Trust v Seijas*, 307 AD2d 876 [2003]; *Day v NYP Holdings*, 290 AD2d 342 [2002]). Finally, the imposition of sanctions was not entered as a judgment (*see* 22 NYCRR 130-1.2; *Behar*, 243 AD2d at 357). Concur—Tom, J.P., Friedman, Sweeny, Nardelli and Abdus-Salaam, JJ.