WALTER J. WIGGINS, Respondent, v EDWARD E. KOPKO et al., Appellants. [935 NYS2d 732]—

Stein, J.

In September 2009, Kopko informed plaintiff that he would not contribute "a single dime" to the ongoing expenses of the partnership and stated that the partnership was dissolved as of that date. Kopko allegedly continued to practice law in his individual capacity, utilizing the office space leased by the partnership. Plaintiff commenced this action seeking, among other things, dissolution of the partnership, termination of the lease and possession of the leased premises. In addition, plaintiff moved by order to show cause for, as pertinent here, an order terminating the lease agreement and restoring sole possession of the leased premises to him. Defendants cross-moved for, among other things, an order dismissing plaintiff's claim for possession of the leased premises, dissolving the partnership and granting Kopko exclusive authority to conduct the wind-up of the partnership. Supreme Court granted plaintiff's motion and denied defendants' cross motion in its entirety. Defendants now appeal.[1]

We are unpersuaded by defendants' argument that Kopko was denied due process by virtue of Supreme Court's failure to conduct an evidentiary hearing to resolve factual issues as to whether the lease was a partnership asset and whether plaintiff, as landlord, was entitled to priority as a creditor of the partnership. Inasmuch as plaintiff has not disputed either of the foregoing facts, there are no issues in that regard requiring a hearing. However, defendants argue that, by terminating the lease, Supreme Court deprived the partnership of a substantial asset and gave plaintiff an advantage over other creditors, as the partnership could otherwise have sublet the premises to gain income to pay such creditors. On the other hand, plaintiff alleged that he was owed past rent and had issued a notice to quit or pay rent pursuant to the Real Property Actions and Proceed-

---

1. Defendants have limited their argument on appeal to so much of the order that related to the termination of the lease and possession of the premises.

ings Law.[2] He contends that termination of the lease enabled him to rent the premises to another party and save the partnership from accruing additional debt to him. Alternatively, plaintiff now argues that, when the partnership failed to timely cure its default in the payment of rent, the lease was terminated by operation of law and no longer had any value to the partnership.

The dissolution of a partnership is an equitable remedy (*see generally* Partnership Law § 63 [1] [f]). Leased property constitutes a partnership asset (*see generally* Partnership Law § 71 [a]), which should ordinarily be considered in the winding-up of the partnership (*see generally* Partnership Law § 61; *see 111-115 Broadway Ltd. Partnership v Minter & Gay*, 255 AD2d 192, 192 [1998]; *compare Silvernail v Silvernail*, 22 AD3d 970, 970-971 [2005]; *see also Matter of Goldberg v Harwood*, 88 NY2d 911, 913 [1996]). Here, however, Kopko failed to controvert plaintiff's claim that the lease had already been terminated by operation of law or that such termination inured to the benefit of the partnership by preventing the accrual of further debt. Thus, notwithstanding the scant record,[3] we cannot say that Supreme Court's determination was an improvident exercise of its equitable powers or considerable discretion (*see generally Behar v Greer*, 243 AD2d 357, 357 [1997]; *Goergen v Nebrich*, 4 AD2d 526, 527 [1957]).

Defendants' remaining contentions have been considered and are found to be without merit.

Spain, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. Although the notice to quit is not contained in the record on appeal, defendants have not disputed this allegation.

3. There is no transcript of the discussion held at the court conference at which the motions were argued and Supreme Court did not render a written decision.