■ Suzanne Mangold Zacharius, Appellant, v Kensington Publishing Corporation et al., Respondents. [60 NYS3d 830]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 3, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motion for spoliation sanctions to the extent of directing plaintiff to pay the attorneys' fees and costs incurred by defendants in reviewing plaintiff's Yahoo account and in preparing the motion, unanimously affirmed, with costs.

Spoliation sanctions were providently granted. The record demonstrated that plaintiff was in control of her own email account; was aware, as an attorney, of her obligation to preserve it at the time it was destroyed, with or without service of defendants' litigation hold notice upon her, since she commenced the action; and had a "culpable state of mind," as she admitted that she intentionally deleted well over 3,000 emails during the pendency of the action (*see VOOM HD Holdings LLC v EchoStar Satellite L.L.C.*, 93 AD3d 33 [1st Dept 2012]). Destroyed evidence is automatically presumed "relevant" to the spoliator's claims when it is intentionally deleted (*VOOM*, 93 AD3d at 45, citing *Zubulake v UBS Warburg LLC*, 220 FRD 212, 220 [SD NY 2003]). While plaintiff asserted that she only intentionally deleted irrelevant emails, her own emails evidenced intentional deletion of thousands of emails, and defendants recovered at least one email that was pertinent to the allegations in the complaint.

Under the circumstances, the court providently exercised its discretion in limiting the sanction against plaintiff to costs and attorneys' fees, rather than the "drastic remedy" of striking plaintiff's complaint (*see Melcher v Apollo Med. Fund Mgt. L.L.C.*, 105 AD3d 15, 24 [1st Dept 2013]). While plaintiff's actions were intentional, defendants were "not entirely bereft of evidence tending to establish [its] position" (*id.*, quoting *Cohen Bros. Realty v Rosenberg Elec. Contrs.*, 265 AD2d 242, 244 [1999], *lv dismissed* 95 NY2d 791 [2000]; *see Schantz v Fish*, 79 AD3d 481 [1st Dept 2010]). Concur—Acosta, P.J., Renwick, Webber, Oing and Moulton, JJ.