Legacy Org., Inc. v Nomellini (2023 NY Slip Op 05791)

Legacy Org., Inc. v Nomellini

2023 NY Slip Op 05791

Decided on November 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 16, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 650785/21 Appeal No. 1046-1047-1048&M-3334 Case No. 2022-02174, 2022-02175, 2022-02283 

[*1]Legacy Organization, Inc., Plaintiff-Respondent,
v
Alessandro Nomellini, Defendant-Appellant. 

Karlinsky LLC, Cornwall-On-Hudson (Martin E. Karlinsky of counsel), for appellant.
Kane Kessler, P.C., New York (Jonathan M. Sabin of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Andrew Borrok, J.), entered April 8, 2022, in plaintiff's favor, and bringing up for review orders, same court and Justice, entered on or about December 7, 2021 and December 22, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to hold defendant in civil contempt and to strike the answer, unanimously modified, on the law and the facts, to vacate the finding of contempt and imposition of a fine, to strike that part of the judgment striking defendant's answer and to reinstate the answer, to remand the matter for further proceedings in accordance with this decision, and otherwise affirmed, without costs. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment and order.
Supreme Court should not have stricken defendant's answer as the record does not establish that plaintiff is "entirely bereft of evidence tending to establish [its] position" (Zacharius v Kensington Publ. Corp., 154 AD3d 450, 451 [1st Dept 2017] [internal quotation marks omitted]). To the extent the documentary evidence is sufficient to establish plaintiff's claims, the information from the deleted email account would not be the sole means for plaintiff to make its case (see e.g. Alleva v United Parcel Serv., Inc., 112 AD3d 543, 544 [1st Dept 2013]). Nor has plaintiff established that defendant willfully failed to comply with the court's order to provide outstanding discovery to warrant the drastic relief of striking defendant's answer (see Palmenta v Columbia Univ., 266 AD2d 90, 91 [1st Dept 1999]). Accordingly, the matter is remanded for Supreme Court to consider, after affording the parties an opportunity to be heard, such lesser penalty than striking the answer which the court deems just.
Supreme Court also should not have held defendant in civil contempt without making an express recital as to whether defendant's "actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party to a civil proceeding" (Clinton Corner H.D.F.C. v Lavergne, 279 AD2d 339, 341 [1st Dept 2001] [internal quotation marks omitted]). Accordingly, the matter is also remanded for such an express finding. M-2023-3334 — Legacy Organization, Inc. v Nomellini
Motion by plaintiff to strike portions of the record, granted to the extent of deeming pages 934-975 of the record stricken.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2023