## PJSC Natl. Bank Trust v Pirogova

2024 NY Slip Op 33283(U)

September 17, 2024

Supreme Court, New York County

Docket Number: Index No. 656519/2020

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

--------------------------------------------------------------------------------X

PJSC NATIONAL BANK TRUST

                              Plaintiff,

                    - v -

NATALIA PIROGOVA,

                              Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 656519/2020 |
| **MOTION DATE** | 06/07/2024 |
| **MOTION SEQ. NO.** | 011 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 011) 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 277, 280, 287, 288, 291, 292

were read on this motion to/for                    CONTEMPT                    .

Upon the foregoing documents, PJSC National Bank Trust (the **Judgment Creditor**)'s

unopposed motion (Mtn. Seq. No. 011) to hold Willy Cancel, Jr., in civil contempt is granted

solely to the extent that Mr. Cancel shall appear at a deposition and provide the requested

documents within the next 45 days or he will be in civil contempt and subject to the penalties set

forth in the Judgment Creditor's motion.

The facts of this case, including Ms. Pirogova's extensive efforts to avoid paying the judgment

entered against her by concealing her whereabouts, were discussed in detail in a prior Decision

and Order of this Court dated July 25, 2024 (the **Prior Decision**, NYSCEF Doc. No. 281).

Familiarity is presumed.

Briefly, and as discussed in the Prior Decision, when the Judgment Creditor sent an investigator

to 271 Garderville Road, New Hampton, New York 10958, an address believed to potentially be

**656519/2020   PJSC NATIONAL BANK TRUST vs. PIROGOVA, NATALIA**
**Motion No.  011**

**Page 1 of 5**

1 of 5

that of Ms. Pirogova, they encountered Mr. Cancel who indicated that he was a resident of that address  (NYSCEF Doc. No. 272).

On April 24, 2024, the Judgment Creditor issued a post-judgment subpoena to Mr. Cancel, requiring him to sit for a deposition and produce documents (the **Cancel Subpoena**; NYSCEF Doc. No. 264).  Service was effected on April 25, 2025 (NYSCEF Doc. No. 265).

Subsequently, on May 6, 2024, Mr. Cancel appeared for a deposition, without the requested documents, but refused to testify for more than an hour (NYSCEF Doc. No. 263 ¶ 25).  To accommodate Mr. Cancel, the Judgment Creditor agreed to postpone his deposition until May 10, 2024.  When Mr. Cancel appeared at this rescheduled deposition, he again refused to testify – this time indicating that he needed a lawyer (*id*. ¶ 26).  As an accommodation, the Judgment Creditor once again agreed to postpone Mr. Cancel's deposition.   This time the deposition was rescheduled until  May 14, 2024 (*id*.).  One day before this third rescheduled deposition, Mr. Cancel informed the Judgment Creditor he would not appear (*id*. ¶ 27).

The Judgment Creditor *again* agreed to offer Mr. Cancel additional accommodation, postponing his deposition until May 17, 2024 (so that Mr. Cancel could find a lawyer) informing Mr. Cancel that the Judgment Creditor would seek an order compelling his appearance and for sanctions if he did not attend (*id*. ¶ 28).  Mr. Cancel never replied, and to date has not appeared for a deposition or produced the documents requested in the Cancel Subpoena (*id*. ¶¶ 29-31).

656519/2020   PJSC NATIONAL BANK TRUST vs. PIROGOVA, NATALIA
Motion No.  011

Page 2 of 5

The Judgment Creditor now moves for an order pursuant to CPLR 2308(a) and 5251 to (i) hold Mr. Cancel in civil contempt, (ii) allow Mr. Cancel to purge his contempt by complying with the Cancel Subpoena within 10 days, (iii) punish Mr. Cancel by ordering him to pay the Judgment Creditor's attorneys' fees and costs incurred in connection with twice attempting to take his deposition and in bringing this motion, a total of $19,200, and (iv) ordering Mr. Cancel to pay the Judgment Creditor the statutory penalty of $150 (NYSCEF Doc. No 277). Mr. Cancel has not submitted any opposition to this motion (NYSCEF Doc. No. 291).

To make a finding of civil contempt, the Court must determine that (i) a lawful order of the court clearly expressing an unequivocal mandate was in effect, (ii) it appears with reasonably certainty that the order has been disobeyed, (iii) the party to be held in contempt had knowledge of the court's order, and (iv) the right of a party to the litigation is prejudiced (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]). Civil contempt must be demonstrated by clear and convincing evidence (*Classe v Silverberg*, 168 AD3d 603, 604 [1st Dept 2019]). It is not necessary that the disobedience be deliberate or willful, rather "the mere act of disobedience, regardless of its motive, is sufficient to sustain a finding of civil contempt if such disobedience defeats, impairs, impedes or prejudices the rights of a party" (*Yalkowsky v Yalkowsky*, 93 AD2d 834, 835 [2d Dept 1983]).

Pursuant to CPLR 5223 a judgment creditor "may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which shall specify all of the parties to the action, the date of the judgment, the court in which it was entered, the amount of the judgment and the amount then due thereon, and shall state that false swearing or failure to

**656519/2020  PJSC NATIONAL BANK TRUST vs. PIROGOVA, NATALIA**
**Motion No.  011**

**Page 3 of 5**

3 of 5

comply with the subpoena is punishable as a contempt of court" (CPLR 5223). Pursuant to CPLR 5224, such subpoenas may include (i) a subpoena requiring attendance at a deposition and (ii) a subpoena duces tecum requiring the production of books and papers for examination (CPLR 5224[a][1]-[2]).

CPLR 2308(a) provides in relevant part:

> (a) Judicial. Failure to comply with a subpoena issued by a judge, clerk or officer of the court shall be punishable as a contempt of court. If the witness is a party the court may also strike his or her pleadings. A subpoenaed person shall also be liable to the person on whose behalf the subpoena was issued for a penalty not exceeding one hundred fifty dollars and damages sustained by reason of the failure to comply. A court may issue a warrant directing a sheriff to bring the witness into court. If a person so subpoenaed attends or is brought into court, but refuses without reasonable cause to be examined, or to answer a legal and pertinent question, or to produce a book, paper or other thing which he or she was directed to produce by the subpoena, or to subscribe his or her deposition after it has been correctly reduced to writing, the court may forthwith issue a warrant directed to the sheriff of the county where the person is, committing him or her to jail, there to remain until he or she submits to do the act which he or she was so required to do or is discharged according to law. Such a warrant of commitment shall specify particularly the cause of the commitment and, if the witness is committed for refusing to answer a question, the question shall be inserted in the warrant.

(CPLR 2308[a]).

The Cancel Subpeona was issued by Stephen Forte and Alexander Mirkin, officers of the Court. As such it is judicial subpoena (*CadleRock Joint Venture, L.P. v Patterson*, 199 AD3d 557, 558 [1st Dept 2021] "CPLR 2308 (a) embraces subpoenas issued by an officer of the court (such as an attorney) at any stage of a judicial proceeding, regardless of whether the subpoena was specifically returnable in court"). Unquestionably at this point, Mr. Cancel has failed to comply with the Cancel Subpoena and appears to be engaged in gamesmanship to avoid producing the documents that he must produce and to otherwise appear at a deposition. This appears to be in

**656519/2020 PJSC NATIONAL BANK TRUST vs. PIROGOVA, NATALIA**
**Motion No. 011**

**Page 4 of 5**

4 of 5

attempt to frustrate or impede the legitimate judicial proceeding (*Clinton Corner H.D.F.C. v Lavergne*, 279 AD2d 339, 341 [1st Dept 2001]).

Merely as an accommodation and to avoid any doubt, he must comply with the Cancel Subpeona by producing the requested documents and appearing at a deposition within the next 45 days or he shall be held in contempt of Court (*CadleRock Joint Venture, L.P. v Patterson*, 199 AD3d 557, 558 [1st Dept 2021]; CPLR 2308[a]).

The decision to award sanctions is left to the sound discretion of the Court. At this time, the Court declines to award sanctions. If Mr. Cancel fails to comply with the clear and unequivocal order of this Court, he shall be subject to the relief sought by the Judgment Creditor.

Accordingly, it is hereby

ORDERED that the Judgment Creditor's motion (Mtn. Seq. No. 011) to hold Mr. Cancel in civil contempt is granted solely to the extent set forth above.

20240917131921ADBORROK84147AC90B86*3CA97AC4F8C7E71BB74

| 9/17/2024 | ANDREW BORROK, J.S.C. |
| DATE | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

656519/2020   PJSC NATIONAL BANK TRUST vs. PIROGOVA, NATALIA
Motion No.  011

Page 5 of 5

5 of 5