| Johnson & Johnson v Northwell Health Inc. |
| :---: |
| 2025 NY Slip Op 30986(U) |
| March 24, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153527/2024 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. ADAM SILVERA** | PART | **13** |

*Justice*

-----------------------------------------------------------------------X

JOHNSON & JOHNSON, JOHNSON & JOHNSON
HOLDCO (NA) INC.,JANSSEN PHARMACEUTICALS,
INC.,KENVUE INC.,LLT MANAGEMENT LLC

                              Petitioner,

                      - v -

NORTHWELL HEALTH INC.,

                              Respondent.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153527/2024 |
| MOTION DATE | 11/26/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 109, 110, 112, 113, 114, 115, 116, 117, 120, 121

were read on this motion to/for                                   CONTEMPT               .

Upon the foregoing documents and for the reasons set forth below, the order to show cause by Johnson & Johnson; Johnson & Johnson Holdco (NA) Inc.; Janssen Pharmaceuticals, Inc.; Kenvue, Inc.; and LLT Management LLC (collectively, "J&J"), seeking (i) for Northwell Health Inc. and Dr. Jacqueline Moline[1] to be held in civil and criminal contempt and (ii) attorney's fees associated with the instant order to show cause, is denied in its entirety.

I.    Contempt

For the reasons below, the Court denies the portion of J&J's order to show cause seeking for Northwell and Dr. Moline to be held in civil and criminal contempt.

A party may be held in civil contempt for "a neglect or violation of duty, or other misconduct, by which a right or remedy of a[nother] party to [the] civil action ... , pending in the

---

[1] To be clear, J&J has brought two motions: the instant motion against Northwell and a motion against Dr. Moline. *See* Mot. Seq. No. 002 in *Moline v Johnson & Johnson*, Sup Ct, NY County, Silvera, J., index No. 153220/2024. This Court formally decides the motion against Dr. Moline in a brief decision based on the instant Decision/Order, *see* Decision/Order dated March 24, 2025, in *id.*, but the rationale underpinning both motions may be found in the instant Decision/Order.

**153527/2024  JOHNSON & JOHNSON ET AL vs. NORTHWELL HEALTH INC.**               **Page 1 of 8**
**Motion No.  004**

[* 1]

court[,] may be defeated, impaired, impeded, or prejudiced." Judiciary Law § 753(A). A party

may be held in criminal contempt for "wilful[ly] disobe[ying] … [the court's] lawful mandate."

*Id.* § 750(A)(3). Courts require similar showings to prove civil contempt under § 753(A) and

criminal contempt under § 750(A)(3), but there are important differences as well.

To prove civil or criminal contempt, the party seeking contempt must establish the

following three elements: (1) "that a lawful [court order,] clearly expressing an unequivocal

mandate[,] was in effect"; (2) that, "with reasonable certainty," the party to be held in contempt

disobeyed such order; and (3) that the party to be held in contempt knew of such order. *Matter of*

*Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of*

*N.Y.*, 70 NY2d 233, 240 (1987). In addition, for civil contempt, unlike for criminal contempt, the

party seeking contempt must also establish (4) that they were prejudiced by the alleged

disobedience. *Id.* at 239-240.

Importantly, as to the second element, criminal contempt requires "a higher degree of

willful[]" disobedience than civil contempt. *Id.* at 240; *see also Matter of McCormick v Axelrod*,

59 NY2d 574, 583 (1983) ("[T]he element which serves to elevate a contempt from civil to

criminal is the level of willfulness with which the conduct is carried out."). In addition, civil

contempt must be proven "by clear and convincing evidence," *El-Dehdan v El-Dehdan*, 26

NY3d 19, 29 (2015), whereas criminal contempt must be proven "beyond a reasonable doubt."

*Lang v Brosnan*, 215 AD3d 456, 456 (1st Dep't 2023).

Here, J&J argues that Northwell and Dr. Moline are in civil and criminal contempt of the

First Department's October 8, 2024, decision (the "Decision"), which enforced two subpoenas,

dated March 14, 2024, issued by J&J to Northwell and Dr. Moline in connection with an action

**153527/2024  JOHNSON & JOHNSON ET AL vs. NORTHWELL HEALTH INC.**                    **Page 2 of 8**
**Motion No. 004**

[* 2]                                             2 of 8

in New Jersey (the "Subpoenas").[2] *See Matter of Johnson & Johnson v Northwell Health Inc.*, 231 AD3d 481, 481-482 (1st Dep't 2024); J&J Defendants' Omnibus Memorandum of Law in Support of Order to Show Cause for Civil and Criminal Contempt Against Dr. Jacqueline Moline and Northwell Health, Inc. ("J&J's Memorandum of Law") at 1. The parties debate all contempt elements but the third. *See generally* Respondent Northwell Health Inc.'s Memorandum of Law in Opposition to Petitioners' Contempt Motion; Jacqueline Moline, M.D., MSC's Memorandum of Law in Opposition to the Johnson & Johnson Defendants' Motion for Civil and Criminal Contempt.

As to the first element, Northwell and Dr. Moline are correct that the First Department's Decision did not "clearly express[] an unequivocal mandate" dictating immediate compliance with the Subpoenas. *Matter of Department of Envtl. Protection of City of N.Y.*, 70 NY2d at 240. The First Department concluded that the Subpoenas seek relevant information that Northwell and Dr. Moline must disclose. *See Matter of Johnson & Johnson*, 231 AD3d at 481-482. The matter was then remitted back to this Court, *see* NYSCEF Doc. No. 88; NYSCEF Doc. No. 50 in *Moline*, Sup Ct, NY County, Silvera, J., index No. 153220/2024, which must conduct "further proceedings … consistent with the [First Department's] remittitur." *Favourite Ltd. v Cico*, 42 NY3d 250, 256 (2024). Such proceedings include providing a schedule for compliance with the

---

[2] The parties have vigorously litigated the First Department's Decision. First, the Court of Appeals denied Northwell's motion for leave to appeal in November 2024. *See* Affirmation of Thomas P. Kurland in Support of Order to Show Cause for Civil and Criminal Contempt Against Dr. Jacqueline Moline and Northwell Health, Inc., dated Nov. 26, 2024, Exh. 3, Court of Appeals Decisions, dated Nov. 21, 2024, at 5. Then, Northwell moved for leave to reargue its motion for leave to appeal, *see* NYSCEF Doc. No. 122 (Letter from Michael R. Gordon, dated Dec. 23, 2024), and sought a protective order before this Court to stay enforcement of the Subpoenas. *See* Mot. Seq. No. 003, Notice of Motion, dated Nov. 26, 2024. This Court granted a limited stay, pending the Court of Appeals' resolution of Northwell's motion for leave to reargue. *See id.*, Decision + Order on Motion, dated Jan. 13, 2025. Most recently, the Court of Appeals denied Northwell's motion for leave to reargue its motion for leave to appeal, reaffirming the First Department's Decision. *See* NYSCEF Doc. No. 125 (Letter from Thomas P. Kurland, dated Mar. 20, 2025).

First Department's Decision. *See Matter of Hunter Mech. Corp. v Salkind*, 237 AD2d 180, 181-182 (1st Dep't 1997).

J&J contends that the First Department's Decision required Dr. Moline's and Northwell's immediate compliance with the Subpoenas. *See* J&J's Memorandum of Law at 6. J&J is mistaken. The First Department merely found that the Subpoenas were substantively enforceable; it did not specify the procedural contours of enforcement by, for example, issuing a compliance schedule or a timeframe for disclosure. *See Matter of Johnson & Johnson*, 231 AD3d at 481-482.[3] This Court "decline[s] to read [the] silence by the [First Department] so broadly" as to require immediate compliance. *Favourite Ltd.*, 42 NY3d at 258; *see also Matter of Department of Envtl. Protection of City of N.Y.*, 70 NY2d at 241 ("Where the order alleged to have been disobeyed is capable of a construction consistent with the innocence of the party, there likewise should be no adjudication of contempt."). As the First Department's silence does not "clearly express[] an unequivocal mandate," *Matter of Department of Envtl. Protection of City of N.Y.*, 70 NY2d at 240, J&J has failed to prove the first element required to find Northwell and Dr. Moline in contempt.[4]

As to the second element, neither Northwell nor Dr. Moline have, "with reasonable certainty," disobeyed the First Department's Decision. *Id.* As discussed above, the First

---

[3] The closest that the First Department comes to specifying a deadline for disclosure is when it discusses that compliance with the Subpoenas "would not be unduly burdensome," as "[t]he subject information consists of just a few pages, is easily located, does not concern ongoing research, and does not reveal the unpublished thought processes of the researchers." *Id.* at 482. Such a discussion merely reflects, however, the standard undue-burden substantive analysis that courts regularly undertake when analyzing whether to quash a subpoena. *See, e.g., CWCapital Cobalt VR Ltd. v CWCapital Invs. LLC*, 226 AD3d 614, 615 (1st Dep't 2024); *Simmons v Northern Manhattan Nursing Home, Inc.*, 52 AD3d 351, 352 (1st Dep't 2008); *Velez v Hunts Point Multi-Serv. Ctr., Inc.*, 29 AD3d 104, 107, 111 (1st Dep't 2006). At best for J&J, such substantive analysis implicitly suggests, but does not explicitly dictate, procedural compliance requirements. In any event, such analysis does not "clearly express[] an unequivocal mandate" and thus cannot be the basis for holding Northwell and Dr. Moline in either civil or criminal contempt. *See Matter of Department of Envtl. Protection of City of N.Y.*, 70 NY2d at 240.

[4] Although this finding alone is sufficient to deny the instant order to show cause, this Court analyzes the two other elements that the parties debate: whether Northwell and Dr. Moline disobeyed the First Department's Decision and, for purposes of civil contempt only, whether J&J has been prejudiced.

**153527/2024  JOHNSON & JOHNSON ET AL vs. NORTHWELL HEALTH INC.**                    **Page 4 of 8**
**Motion No. 004**

Department did not detail a specific timeline for Northwell and Dr. Moline to comply with the Subpoenas, and this Court has rejected herein J&J's argument that the First Department required immediate compliance. Moreover, on January 13, 2025, this Court granted a limited stay of compliance, pending a decision by the Court of Appeals on Northwell's motion for leave to reargue its motion for leave to appeal the First Department's Decision. *See* Mot. Seq. No. 003, Decision + Order on Motion, dated Jan. 13, 2025. Thus, it is not reasonably certain that Northwell and Dr. Moline have disobeyed the First Department's Decision.

As to the fourth element, which is only required for civil contempt, J&J has failed to show that it has been prejudiced by Northwell's or Dr. Moline's alleged disobedience. To make such a showing, J&J needed to establish that Northwell's or Dr. Moline's "actions were calculated to[,] or actually did[,] defeat, impair, impede, or prejudice [J&J's] rights or remedies." *Clinton Corner H.D.F.C. v Lavergne*, 279 AD2d 339, 341 (1st Dep't 2001). J&J has failed to meet its burden, as Northwell's and Dr. Moline's actions are most reasonably construed as vigorous advocacy for their rights, rather than a calculated attempt to undermine J&J's rights. Thus, any rights or remedies that J&J may have to the information requested in the Subpoenas have not yet attached.

J&J counters that it has been prejudiced by Northwell's and Dr. Moline's alleged disobedience because, without the information requested in the Subpoenas, it cannot mount a robust defense in the underlying New Jersey action and because it has expended unnecessary time and incurred significant expenses to try to enforce the Subpoenas. *See* J&J's Memorandum of Law at 8-9. But such counters presuppose that Northwell and Dr. Moline disobeyed the First Department's Decision and that J&J was immediately entitled to the information requested in the Subpoenas. As discussed above, that is not reasonably certain. Thus, J&J cannot show that

**153527/2024 JOHNSON & JOHNSON ET AL vs. NORTHWELL HEALTH INC.**
**Motion No. 004**

Page 5 of 8

5 of 8

[* 5]

Northwell's or Dr. Moline's "actions were calculated to[,] or actually did[,] defeat, impair, impede, or prejudice [J&J's] rights or remedies," as those rights or remedies have not yet attached. *Clinton Corner H.D.F.C.*, 279 AD2d at 341.

Thus, this Court must deny the portion of J&J's instant order to show cause seeking to hold Northwell and Dr. Moline in contempt, as neither Northwell nor Dr. Moline is in civil or, *a fortiori*, criminal contempt. *See McCain v Dinkins*, 84 NY2d 216, 226 (1994) (noting that criminal contempt is an "escalat[ion]" from civil contempt); *Matter of McCormick*, 59 NY2d at 583 (similar).

Nonetheless, in light of the Court of Appeals' decision denying Northwell's motion for leave to reargue its motion for leave to appeal, *see* NYSCEF Doc. No. 125, this Court orders Northwell and Dr. Moline to comply with the First Department's Decision by turning over the documents requested in the Subpoenas by April 8, 2025.

## II.   Attorney's Fees

For the reasons below, the Court denies the portion of J&J's order to show cause seeking attorney's fees.

A court may "reimburse[]" a party for "reasonable attorney's fees" flowing from the frivolous conduct of the party's opponent. Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1(a). Frivolous conduct is conduct "completely without merit in law" and that "cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;" conduct "undertaken primarily to delay … the litigation, or to harass or maliciously injure another; or" conduct "assert[ing] material factual statements that are false." *Id.* § 130-1.1(c). In other words, frivolous conduct involves "extreme behavior." *Hunts Point Term. Produce Coop. Assn., Inc. v New York City Economic Dev. Corp.*, 54 AD3d 296, 296 (1st

**153527/2024  JOHNSON & JOHNSON ET AL vs. NORTHWELL HEALTH INC.**
**Motion No. 004**

**Page 6 of 8**

[* 6]
6 of 8

Dep't 2008). In determining whether conduct is frivolous, the court should carefully consider the context in which the conduct occurs. 22 NYCRR § 130-1.1(c).

Here, J&J has not explained how or why any of Northwell's and Dr. Moline's actions reflects "extreme behavior." *Hunts Point Term. Produce Coop. Assn., Inc.*, 54 AD3d at 296. As discussed above, Northwell's and Dr. Moline's actions, even if ultimately unsuccessful, are most reasonably construed as "zealous advocacy." *Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 404 (1975). This Court is unwilling to chill such advocacy, which reflects the adversarial system that is the linchpin of our justice system. *See id.*; *Sexter & Warmflash, P.C. v Margrabe*, 38 AD3d 163, 178 (1st Dep't 2007); *Gregware v City of New York*, 132 AD3d 51, 69 (1st Dep't 2015, Sweeny, J., dissenting).

Thus, this Court must deny the portion of J&J's order to show cause seeking attorney's fees against Northwell and Dr. Moline, as neither Northwell nor Dr. Moline have engaged in "extreme behavior." *Hunts Point Term. Produce Coop. Assn., Inc.*, 54 AD3d at 296.

Accordingly, it is

ORDERED that J&J's instant order to show cause is denied in its entirety; and it is further

ORDERED that Northwell and Dr. Moline shall comply with the First Department's Decision by turning over the documents requested in the Subpoenas by April 8, 2025; and it is further

ORDERED that, within 30 days of entry, Northwell shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

**153527/2024  JOHNSON & JOHNSON ET AL vs. NORTHWELL HEALTH INC.**
**Motion No. 004**

Page 7 of 8

[* 7]

3/24/2025
**DATE**

ADAM SILVERA, J.S.C.

CHECK ONE:
| | | | |
|---|---|---|---|
| [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| [ ] GRANTED | [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER |

APPLICATION:
[ ] SETTLE ORDER
[ ] SUBMIT ORDER

CHECK IF APPROPRIATE:
[ ] INCLUDES TRANSFER/REASSIGN
[ ] FIDUCIARY APPOINTMENT
[ ] REFERENCE

**153527/2024  JOHNSON & JOHNSON ET AL vs. NORTHWELL HEALTH INC.**
**Motion No. 004**

Page 8 of 8

[* 8]